CUBANO, DEMANDANTE Y APELANTE, *v.* JIMÉNEZ ET AL.,
DEMANDADOS Y APELADOS.

Apelación procedente de la Corte de Distrito de San Juan Segundo Distrito, en pleito sobre daños y perjuicios.

No. 2858.—Resuelto en junio 29, 1923.

SENTENCIA DEJADA SIN EFECTO—DISCRECIÓN JUDICIAL; ABUSO DE NOTIFICACIONES—NEGLIGENCIA DEL ABOGADO.—Constituye abuso de discreción el dejar sin efecto una sentencia y abrir nuevamente el caso, a petición de un demandado que trató de probar defensas meritorias y meramente trató de justificar su no comparecencia a juicio porque el señalamiento no le fué notificado ni tampoco el de la lectura del calendario. *Cintrón* v. *El Zenit*, 28 D. P. R. 687. Los abogados deben mantener de un modo constante su atención en los asuntos que tienen en curso ante las cortes, pues es un deber que les imponen sus funciones de abogados, ya que no es estatutoria la notificación de la lectura del calendario y fecha de los señalamientos, y una omisión en tal sentido por un abogado implica *prima facie* la falta de una debida diligencia en el cuidado que exige una ordinaria prudencia.

DAÑOS Y PERJUICIOS—NEGLIGENCIA COMBINADA DE VARIAS PERSONAS. — Si una persona sufre un daño como consecuencia inmediata de la negligencia de otras dos, y el daño no hubiera ocurrido por la negligencia de una de ellas solamente, ambas son responsables a la persona perjudicada. Y esto es así con respecto a daños a la propiedad lo mismo que a un daño que se ocasiona a una persona. La regla está bien establecida de que cuando un daño es

. el resultado de la negligencia combinada de varias personas, tales personas son responsables solidaria y mancomunadamente a la persona perjudicada y puede establecerse una acción contra uno o todos los que ocasionan dicho daño. *Cruz et al.* v. *Frau,* 31 D. P. R. 92.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. E. Campillo* y *M. Tous Soto.*

Abogados de los apelados: *Sres. C. Iriarte, Jr.,* y *J. Ruiz de Val.*

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

En este caso se dictó sentencia exonerando de responsabilidad al demandado Rosendo Alejandro y condenando al otro demadado Jesús Jiménez Valcárcel a pagar al demandante la cantidad de $500 como indemnización de daños y perjuicios, a consecuencia de un accidente ocurrido por el choque de las guaguas de los demandados, ocasionando a su vez desperfectos en la guagua del demandante. En la demanda, sin embargo, se alegaba la negligencia combinada de los demandados.

El juicio fué celebrado sin la asistencia del demandado Jesús Jiménez Varcárcel, y fundándose en que el señalamiento del caso no le fué notificado por el secretario de la corte así como tampoco el señalamiento hecho por el juez inferior para la lectura del calendario, ni por el abogado, de la parte contraria, y en varios *affidavits* que tienden a justificar la buena defensa que tiene contra la demanda, dicho demandado Valcárcel solicitó de la corte inferior dejar sin efecto la sentencia dictada en el presente caso con fecha 26 de junio, 1922, y que el caso se abriera de nuevo para la práctica de pruebas.

A la moción presentada la corte inferior dictó resolución dejando sin efecto la sentencia de 26 de junio, 1922, en cuanto afecta al demandado Jesús Jiménez Valcárcel y abriendo de nuevo el caso en cuanto a este demandado.

Contra esa resolución se ha establecido esta apelación, alegando el apelante, entre otras razones, la insuficiencia de la moción para disculpar al demandado de su falta de asistencia al juicio.

La cuestión levantada no se suscita por primera vez ante esta Corte Suprema y sus precedentes favorecen al apelante.

En el caso de *Cintrón* v. *El Zenit,* 28 D. P. R. 687, se alegaba como causa de error la de haber ocurrido un terremoto que destruyó el edificio de la corte, alegando el apelante que dicha corte celebró el juicio sin haberse asegurado de que la demandada estuviera advertida y avisada del señalamiento hecho mediante la correspondiente notificación, y no obstante la corte dijo:

"El señalamiento de día para la celebración del juicio no debía ser notificado a las partes y tampoco debía ser notificada a la demandada en su caso la orden denegatoria de eliminación puesto que no le era perjudicial.   Se presume concluyentemente que las partes se encuentran ante la corte y las únicas excepciones que deben tenerse en cuenta en cuanto a la notificación son las establecidas por las leyes de marzo 9, 1911 y marzo 11, 1915.   *Guardian Assurance Co., Ltd.* v. *López Acosta, Juez de Distrito,* 24 D. P. R. 637."

La misma doctrina se sostiene en el caso de *Santalís* v. *El Zenit,* 28 D. P. R. 695, y en los casos de *Glos* v. *Gleason,* 70 N. E. 1045, y *Davis* v. *Peck et al.,* 55 Pac. 192.

Si la ley no exige una notificación para hacer saber a las partes o a sus abogados la lectura del calendario, no puede invocarse en ningún caso como excusa legal la mera ignorancia por el abogado del día del señalamiento para el juicio.   Los abogados deben mantener de un modo constante su atención en los asuntos que tienen en curso ante las cortes, pues es un deber que les imponen sus funciones de abogados, ya que no es estatutoria la notificación de la lectura del calendario y fecha de los señalamientos, y una omisión en tal sentido por un abogado implica *prima facie* la falta

de una debida diligencia en el cuidado que exige una ordinaria prudencia.

No obstante, si bien se tiende a discutir los méritos del caso en los *affidavits* que se acompañaron a la moción del apelado, y sin que prejuzguemos cuestión alguna que pueda afectar el asunto en su fondo, nos encontramos que la tendencia de la jurisprudencia ha sido declarar *in solidum* la responsabilidad de los varios demandados en casos similares.

"En una acción por un daño que se alega haberse causado por abandono de un deber por parte del demandado, no constituye defensa el alegar que otra persona tenía también un deber semejante. Ni es tampoco ninguna defensa el sostener que el acto u omisión imputado no fué la única y exclusiva causa del daño. Si el acto del demandado fué eficaz en el mismo momento de ocurrir el daño será él responsable por el mismo, aunque concurriera y contribuyera al resultado perjudicial el acto de una tercera persona, o accidente inevitable. Expresado en otra forma, si una persona sufre un daño como consecuencia inmediata de la negligencia de otras dos, y el daño no hubiera ocurrido por la negligencia de una de ellas solamente, ambas son responsables a la persona perjudicada. Y esto es así con respecto a daños a la propiedad lo mismo que a un daño que se ocasiona a una persona. La regla está bien establecida de que cuando un daño es el resultado de la negligencia combinada de varias personas, tales personas son responsables solidaria y mancomunadamente a la persona perjudicada y puede establecerse una acción contra uno o todos los que ocasionan dicho daño." 20 R. C. L. págs. 102–103.

En el caso de *Cruz et al.* v. *Frau*, resuelto en julio 27, 1922, 31 D. P. R. 92 ya se había establecido la misma doctrina, y en aquella ocasión se dijo:

"La defensa del demandado esencialmente descansa en imputar al otro automóvil toda la responsabilidad del suceso pero tal vez, en interés del demandado, hubiera sido mejor haberse obtenido la identificación del otro automóvil que resulta desconocido. No obstante, la conclusión más favorable a que podíamos llegar es que el

demandado había de compartir su responsabilidad con el otro automóvil y que ambos habían sido la causa próxima del accidente.''

Además, el apelado en su alegato solamente se limita a hacer mención del artículo 140 del Código de Enjuiciamiento Civil, pero no nos hace cita alguna en que pudiera apoyar la resolución anterior.

Por lo expuesto y la jurisprudencia aplicable, la corte inferior se excedió en su discreción al dictar su resolución dejando sin efecto su sentencia, por lo que debe revocarse dicha resolución de fecha 11 de agosto de 1922.

*Revocada la resolución apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.