Luis Díaz, peticionario, *v.* Tribunal Superior de Puerto Rico, Sala de San Juan, Hon. J. M. Calderón, Jr., Juez, demandado; Ruperto Vázquez, interventor.

*Número:* C-65-54      *Resuelto:* 31 de enero de 1966

*César J. Dones Magaz,* abogado del peticionario; *Jorge López Santiago,* abogado del interventor.

Sala Segunda integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Ruperto Vázquez, por sí y en representación de su hijo menor Roberto Vázquez, demandó a Luis Díaz en daños y perjuicios a fines de 1961. La demanda fue oportunamente contestada. Habiendo quedado el caso listo para juicio, se señaló éste para el 25 de febrero de 1963. Se suspendió para el 10 de julio de 1963, en vista de que los demandantes no habían podido contestar el interrogatorio del demandado cursado en 6 de febrero de ese año. En 8 de julio de 1963 los demandantes radicaron una moción solicitando la suspensión de dicha vista por tener su abogado un previo señalamiento en otro caso en el Tribunal Superior, Sala de Arecibo. Se dejó sin efecto este señalamiento. A solicitud de ellos se señaló la vista del caso para el 27 de abril de 1964. Al final de la orden

correspondiente, el Secretario del tribunal de instancia hizo constar que los abogados de ambas partes fueron notificados de la misma en 12 de marzo de 1964. La minuta del tribunal de instancia con respecto a este caso, correspondiente al 27 de abril de 1964, informa que los demandantes no comparecieron; que el demandado solicitó se desestimase la demanda pero el tribunal de instancia resolvió suspender la vista hasta nuevo señalamiento con apercibimiento a los demandantes de que de no comparecer a la vista del nuevo señalamiento, se ordenaría el archivo del caso. Esta determinación fue notificada a ambas partes el mismo día. En 25 de mayo de 1964 el demandado radicó moción solicitando se transcribiera y notificara a las partes la referida minuta, señalando el hecho que el caso había sido señalado tres veces y no había podido verse por incomparecencia de la parte demandante. Copia de esta moción fue remitida por correo al abogado de los demandantes. También se notificó a las partes la orden del tribunal de instancia de 9 de junio de 1964 accediendo a lo solicitado en la referida moción. Se señaló el caso nuevamente para juicio en 11 de febrero de 1965 notificándose de ello a ambas partes en 30 de octubre de 1964.

En vista de que los demandantes no comparecieron a la vista del caso señalada para el 11 de febrero de 1965, el tribunal de instancia dictó sentencia ordenando el archivo y sobreseimiento de la acción. Se notificó la sentencia ese mismo día. En 15 de febrero, o sea, 4 días después, radicaron los demandantes una moción de reapertura, debidamente jurada, alegando que no habían recibido notificación alguna sobre el señalamiento de la vista del caso para el 11 de dicho mes y por eso no comparecieron; que se enteraron del señalamiento al recibir la notificación de la sentencia. Dicha notificación fue dirigida al abogado de los demandantes a la misma dirección que todas las notificaciones anteriores. Se opuso el demandado a dicha moción porque la excusa aducida "no puede invocarse en ningún caso como excusa legal", según

lo resuelto en *Cubano* v. *Jiménez*, 32 D.P.R. 167, 169 (1923). Se señaló y vio la moción de reapertura y la oposición a la misma en 19 de marzo de 1965. Comparecieron ambas partes y "después de discutir la misma extensamente la dejaron sometida a la consideración del tribunal". En 23 de marzo de 1965, al declarar con lugar la moción de reapertura y dejar sin efecto su sentencia de 11 de febrero de 1965 y ordenar que el caso fuese señalado nuevamente para vista, el tribunal de instancia manifestó que: "El dictar sentencia sin oir a una de las partes tiene el efecto de privarle de la función judicial de adjudicación que es parte de nuestra estructura constitucional, y estando la tendencia moderna de los tribunales plasmada en principios de liberalidad, y creyendo esta Sala que su discreción debe ser ejercitada de conformidad con el espíritu y sentir de la ley de tal modo que más ayude a los fines de la justicia, y apareciendo de los autos que existe una verdadera contienda entre los comparecientes, vista la jurisprudencia de nuestro Tribunal Supremo a los efectos de los casos se resuelvan sobre sus méritos siempre que ello fuere posible", [se] "cumple mejor su deber de hacer justicia dándole a las partes la oportunidad de su día en Corte y resolver las cuestiones oyéndolas que dictando sentencia en rebeldía . . . ."

No conforme el demandado (aquí peticionario), solicitó la expedición de un auto de *certiorari* para revisar la resolución del tribunal de instancia que declaró con lugar la moción de reapertura del caso, y en tal virtud dejó sin efecto la sentencia ordenando el archivo y sobreseimiento del caso. Expedimos el auto en 20 de mayo de 1965.

El caso de *Cubano*, supra, en que fundamenta su recurso el peticionario no es de aplicación, pues la doctrina en ese caso al efecto de que no puede invocarse en ningún caso como excusa legal la mera ignorancia del abogado del día del señalamiento para juicio se basó en que la *ley no exigía una notificación para hacer saber a las partes o a sus abogados la lectura del calendario*. En el caso ante nos, por virtud de lo

dispuesto en las Reglas Núms. 67.1 y 67.2 de las de Procedimiento Civil,(¹) las órdenes que se dictaron en distintas ocasiones señalando el caso para vista exigían que se notificasen; éstas se dirigieron siempre a la misma dirección del abogado del peticionario. Las notificaciones quedaron perfeccionadas al ser depositadas en el correo.

■ No hay duda que el tribunal de instancia, en el ejercicio de su discreción, actuó en forma procedente al ordenar el sobreseimiento del caso. Así lo provee la Regla 39.2 de las de Procedimiento Civil.(²) Véase, además, *Link* v. *Wabash Railroad Co.*, 370 U.S. 626 (1962).

---

(¹) *Regla 67.1 Cuándo se requiere notificación*
"Toda orden que de acuerdo con sus términos deba ser notificada, toda alegación subsiguiente a la demanda original, a menos que el tribunal ordenare otra cosa debido al número de demandados, y toda moción escrita que no pueda ser oída ex parte, se notificarán a cada una de las partes afectadas por las mismas. No será necesario notificar a las partes en rebeldía por falta de comparecencia, excepto que las alegaciones en que se soliciten remedios nuevos o adicionales contra dichas partes en rebeldía se les notificarán en la forma dispuesta en la Regla 4 para diligenciar emplazamientos."
*Regla 67.2 Forma de hacer la notificación*
"Siempre que una parte haya comparecido representada por abogado, la notificación se hará al abogado, a menos que el tribunal ordene que la notificación se haga a la parte misma. La notificación al abogado o a la parte se hará entregándole copia o remitiéndosela por correo a su última dirección conocida, o de ésta no conocerse, dejándola en poder del secretario del tribunal. Entregar una copia, conforme a esta regla, significa ponerla en manos del abogado o de la parte, o dejarla en su oficina en poder de su secretario o de otra persona a cargo de la misma; o, si no hubiere alguien encargado de la oficina dejándola en algún sitio conspicuo de la misma, o si la oficina estuviere cerrada o la persona a ser notificada no tuviere oficina, dejándosela en su domicilio o residencia habitual en poder de alguna persona de suficiente edad y discreción que resida allí. La notificación por correo quedará perfeccionada al ser depositada en el correo".
(²) La primera parte de la Regla 39.2 de las de Procedimiento Civil dispone que:
"Si el demandante dejare de proseguir el pleito o de cumplir con estas reglas o con cualquier orden del tribunal, un demandado podrá solicitar la desestimación del pleito o de cualquier reclamación contra él.
.    .    .    .    .    .    .    .    .
A menos que el tribunal en su orden de desestimación lo disponga de otro

¿Pero constituye el ejercicio de una sana discreción el dejar sin efecto el archivo y sobreseimiento de la causa bajo las circunstancias de este caso? Creemos que no. Nos explicamos a continuación.

Como la resolución se ampara en lo dispuesto en la Regla 49.2 (1) de las de Procedimiento Civil, ([3]) es necesario que determinemos si estaba justificada dentro de los límites permisibles del ejercicio de la discreción del tribunal de instancia.

En *Ortiz Rivera* v. *Agostini*, 92 D.P.R. 187 (1965) revocamos una sentencia dictada por falta de trámite de la parte demandante en un caso de daños y perjuicios porque la orden de oficio requiriendo a las partes que expusieran razones por las cuales no debía archivarse el caso era improcedente ya que habiéndose contestado la demanda era el deber del tribunal señalar el caso para conferencia con antelación al juicio y para su vista en los méritos después. Añadimos, apoyándonos en lo resuelto en el caso de *Ramírez de Arellano* v. *Srio. de Hacienda*, 85 D.P.R. 823 (1962), que el récord demostró que "el caso fue rápida y diligentemente litigado por la demandante mientras vivió su abogado". "Luego, sin asistencia de abogado, no puede esperarse de ella más diligencia en demostrar su interés en mantener la acción . . . . Cuando se celebró la vista de la moción de archivo, hacía ya dos semanas que un abogado había comparecido en autos en su representación". Concluimos allí que los distintos actos demostrativos de la diligencia de la demandante en tramitar su acción fueron pasados por alto por el tribunal.

---

modo, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se hubiere dictado por falta de jurisdicción, o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos."

([3]) La Regla Núm. 49.2 (1) de las de Procedimiento Civil dispone que:

"Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

(1) Error, inadvertencia, sorpresa, o negligencia excusable;"

En *Ramírez de Arellano* v. *Srio. de Hacienda*, supra, no obstante lo dispuesto en la Regla 37.2 de las de Procedimiento Civil, resolvimos que no procede dictar sentencia contra un demandante por no haber asistido su abogado a una conferencia con antelación al juicio de la cual había solicitado la suspensión porque habría de estar fuera de Puerto Rico en esa fecha sin explicar la urgencia del viaje ni el por qué otro abogado de récord no pudo comparecer a la vista. En este caso dijimos lo siguiente:

"Si bien como cuestión de poder es incuestionable la facultad del tribunal para desestimar una demanda por la incomparecencia a una conferencia previa al juicio, en unas circunstancias como las que acusa este caso y en circunstancias meramente ordinarias tal sanción resulta extremadamente lesiva por la consecuencia que lleva. Desestimar de inmediato una demanda, o una contestación, como medio de aplicar sanción al proceder o a una actitud del abogado en el curso del pleito, tiene el efecto de privar a un ciudadano de la función judicial de adjudicación que forma parte de nuestra estructura constitucional, privándole de la oportunidad de un día en corte para hacer valer en los méritos la legitimidad de su derecho a reclamar si es demandante, o la legitimidad y mérito de una defensa, si es demandado. Este es un valor en el orden social demasiado apreciable para ser prontamente sacrificado, aun cuando la sanción se dé en aras del pronto despacho de los asuntos radicados y de una rápida administración de justicia. Si los pleitos judiciales se desestimaren por esta vía indistintamente, se habrán despachado los asuntos, no hay duda, pero tal vez no habría quedado mucho de justicia a impartir."

Añadimos que:

"Sin embargo, no toda actitud o posición que asuma el abogado en el curso del trámite debe perjudicar de inmediato al ciudadano que litiga en el sentido de privarle de la adjudicación en los méritos de sus derechos. De ordinario la parte que ejercita su derecho en corte no está informada de los trámites rutinarios. Si bien es cierto que el abogado es su representante y que su gestión la obliga,—un litigante asume la responsabilidad de su selección y no podría escapar las consecuencias de la cosa juzgada, por ejemplo, porque su abogado no hizo los planteamientos propios,— en otros aspectos de la gestión, como el de autos, la responsabili-

dad primera hacia el tribunal, como su funcionario que es, es del abogado."

Es interesante anotar que tres días antes de nuestra decisión en *Ramírez de Arellano*, supra, el Tribunal Supremo de Estados Unidos resolvió en *Link* v. *Wabash Railroad Co.*, supra, que un tribunal de distrito puede desestimar una demanda *motu proprio* cuando el abogado del demandante no comparece a una conferencia con antelación al juicio a la cual fue previamente citado. Dictaminó en este caso que al dejar con la secretaria del juez (quien estaba ocupado en Sala en ese momento) un mensaje de que "estaba ocupado preparando unos papeles para radicar con el Tribunal Supremo del estado de Indiana", "que estaba argumentando un caso y que no podía estar aquí a la una de la tarde pero que podía bien el jueves por la tarde o en cualquier momento el viernes si la conferencia pudiese citarse de nuevo", no había indicado una "justificación razonable" para no comparecer y por lo tanto procedía desestimar la acción debido a falta de trámite por parte del demandante. Dijo el tribunal: "La autoridad de un tribunal de distrito para desestimar la acción del demandante no puede seriamente ponerse en duda. La facultad de invocar esta sanción es necesaria para evitar indebidas dilaciones en la disposición de los casos pendientes y evitar la congestión en los calendarios de los tribunales de distrito . . . . Ciertamente no es meritoria la contención de que la desestimación de la reclamación del demandante debido a la conducta inexcusable de su abogado impone una penalidad injusta al cliente. El peticionario voluntariamente lo escogió como su representante en la acción y no puede ahora evitar las consecuencias de los actos y omisiones de este agente libremente seleccionado. Cualquier otra idea sería totalmente inconsistente con nuestro sistema de litigación representativa bajo la cual se considera a cada parte obligada por los actos de su abogado o agente y se considera que ha tenido 'aviso de todos los hechos, notificación de lo cual se puede atribuir al abogado' ".

■ A los fines de resolver, es conveniente determinar cuáles son las normas que deben regir en casos como éste, en vista de la situación prevaleciente en los tribunales del país en relación con el creciente cúmulo de casos que en los mismos se radican y que en bien de la justicia exigen se tramiten con diligencia y razonable prontitud para la consecución de lo cual se aprobaron las reglas previamente citadas. A continuación relacionamos las que consideramos de mayor consideración:

1.—Las Reglas 45.3 y 49.2 de las de Procedimiento Civil deben interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia, a fin de que el proceso continúe y el caso pueda resolverse en sus méritos. *Ortiz Rivera* v. *Agostini*, supra; *Ramírez de Arellano* v. *Srio. de Hacienda*, supra; *Tozer* v. *Charles A. Krause Milling Co.*, 189 F.2d 242 (3rd Cir. 1951).

2.—Como las Reglas 37.2 y 45.1 de las de Procedimiento Civil (⁴) van dirigidas a evitar las indebidas dilaciones en las disposiciones de los casos así como la congestión en los calendarios de los tribunales, resulta obvio que en el ejercicio de la discreción del tribunal al considerar mociones para reabrir una rebeldía, o dejar sin efecto una sentencia bajo las referidas reglas 45.3 y 49.2, es necesario mantener un balance justo entre la norma anterior y el propósito de dichas reglas.

---

(⁴) *Regla 37.2 de Procedimiento Civil*

"Si una parte dejare de comparecer, se negare a participar o compareciere sin estar debidamente preparada a una conferencia preliminar al juicio, el tribunal podrá desestimar la demanda, eliminar las alegaciones del demandado, condenar al pago de costas y honorarios de abogado o dictar cualquiera otra orden que fuere justa."

*Regla 45.1 de Procedimiento Civil*

"Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante declaración jurada o de otro modo, el secretario anotará la rebeldía."

3.—Por regla general, y en ausencia de circunstancias que justifiquen lo contrario, todo litigante que escoge libremente a un abogado para que lo represente en un litigio no puede evitar las consecuencias de los actos y omisiones de tal agente y debe considerarse que ha tenido aviso de todos los hechos y actos que le han sido notificados a su abogado. *Link v. Wabash Railroad Co.*, supra; *Deep South Oil Company of Texas v. Metropolitan Life Ins. Co.*, 310 F.2d 933 (2d Cir. 1962).

En *Ledwith v. Storkan*, 2 F.R.D. 539 (D.C. Neb. 1942), se sostuvo una sentencia dictada en rebeldía porque los afidávits del demandante y de su abogado demostraron que (a) luego de referir el caso al abogado, el demandante no se ocupó más del mismo y (b) la excusa del abogado para no actuar debido a que estaba fuera del estado y ocupado en otros asuntos, era vaga y poco convincente; (c) éste no explicó por qué estaba fuera del estado ni en qué negocios estaba ocupado.[5] Añadió el tribunal, además, que la Regla 60 (b) de las de Procedimiento Civil Federal (de donde sustancialmente se tomó la referida Regla 49.2 de las de Procedimiento Civil de Puerto Rico) proviene de una disposición parecida en el Código de Procedimiento Civil de California que es una parte de la Sec. 473 del mismo.[6] *Luz v. Lopes*, 55 C.2d 54 (1960);

---

[5] En *Ledwith v. Storkan*, supra, el tribunal citó como ejemplos de lo que se ha considerado negligencia excusable del abogado, entre otros, los siguientes:

(a) La atención continua al juicio en un caso de asesinato en primer grado.

(b) El confiar en la seguridad obtenida del juez o del Secretario del Tribunal o del abogado de la otra parte con respecto a la fecha del juicio.

(c) No haber llegado al lugar del juicio debido a un accidente de tránsito.

(d) Enfermedad súbita del abogado.

(e) Llamada inesperada al lecho de un pariente moribundo.

[6] *Sec. 473 del Código de Enjuiciamiento Civil de California, en la parte pertinente dispone que:*

"Remedio contra sentencia u orden expedida por equivocación, etc.

"Bajo aquellas condiciones que considere justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden

*Baratti* v. *Baratti*, 109 C.A.2d 917 (1952); *Hansen* v. *Bernstein*, 110 C.A.2d 170 (1952); *City of Pacific Grove* v. *Hamilton*, 100 C.A.2d 508 (1950); *Mann* v. *Pacific Greyhound Lines*, 92 C.A.2d 439 (1949); *Benjamin* v. *Dalmo Mfg. Co.*, 31 Cal. App.2d 523 (1948).

■ 4.—Cuando se solicita el remedio provisto por la Regla 49.2, no es suficiente alegar que la omisión que dio lugar a que se dictase la sentencia se debió a error, inadvertencia, sorpresa o negligencia excusable. Hay que indicar los hechos que constituyen la justificación de la omisión. *Thorn* v. *Harrisburg Trust Company*, 330 F.2d 3 (3d Cir. 1964). Véanse, además, *Hughes* v. *Holland*, 320 F.2d 781 (D.C. Cir. 1963); *Cucurillo* v. *Schulte*, 324 F.2d 234 (2d Cir. 1963); *Demeulenaere* v. *Rockwell Manufacturing Company*, 312 F.2d 209 (2d Cir. 1962). El peso de probar negligencia excusable gravita sobre el afectado por la sentencia, y éste debe justificar su posición por una preponderancia de la prueba. *Elms* v. *Elms*, 72 C.A.2d 508 (1946).(7) En *Elms*,

---

u otro procedimiento en su contra, por razón de su error, inadvertencia, sorpresa o negligencia excusable. La moción solicitando tal remedio debe ser acompañada de una copia de la contestación u otra alegación que se proponga radicar en el caso, de lo contrario, la moción no se concederá, y deberá radicarse dentro de un término razonable que en ningún caso deberá exceder de seis meses después de haberse dictado la sentencia, orden o procedimiento."

(7) En *Elms*, supra, el tribunal estableció ciertas guías en relación con la interpretación y aplicación de la disposición de la Sec. 473 del Código de Procedimiento Civil de California referente a dejar sin efecto una sentencia por error, inadvertencia, sorpresa o negligencia excusable de la parte perjudicada. Dichas guías son las siguientes:

(a) Nadie puede ser liberado de las consecuencias de su negligencia a menos que demuestre que actuó de buena fe y que su negligencia excusable fue la causa efectiva de su incomparecencia al juicio.

(b) La inadvertencia a que se refiere el estatuto no es una mera inadvertencia en abstracto. Si es totalmente inexcusable no justifica el remedio solicitado.

(c) Es el deber de cualquier parte que desee oponerse a una acción o participar en un procedimiento judicial el tomar medidas adecuadas y a tiempo para contratar abogado o actuar por sí mismo para evitar una sentencia indeseable. A menos que al hacer arreglos para su defensa demuestre que ejercitó la diligencia razonable que una persona de prudencia

supra, un caso de nulidad de matrimonio, el demandado no compareció a la vista del caso y en ésta la demandante presentó su prueba y obtuvo sentencia a su favor. Se concluyó que constituyó abuso de discreción el dejar sin efecto dicha sentencia debido a la negligencia excusable del demandado pues tal negligencia excusable no se probó.[8] Se dictaminó que el demandado no adujo razón alguna en su afidávit que justificara dejar sin efecto el decreto de nulidad y que el hacerlo constituiría concederle un nuevo juicio accediendo así a la demanda caprichosa del demandado.

■ 5.—Si de un examen de toda la prueba en un procedimiento para cuestionar la resolución de un tribunal dejando sin efecto una sentencia a base de una de las razones provistas por la Regla 49.2 (1) de las de Procedimiento Civil surge que el tribunal abusó de su discreción al determinar, sin fundamento en la prueba, que la omisión que dio lugar a la sentencia se debió a error, inadvertencia, sorpresa o negligencia excusable de la parte contra la cual se dictó, procede que no se le releve de la sentencia dictada y en tal virtud

---

ordinaria realiza corrientemente en negocios importantes, su moción bajo la Sec. 473 debe ser denegada.

(d) La ley no favorece el dejar sin efecto sentencias en rebeldía resultantes de la negligencia inexcusable del afectado. La única ocasión en que la Sec. 473 es aplicable es cuando una parte se encuentra inesperadamente en una situación que le perjudica sin que se deba a su culpa o negligencia o contra la cual no se hubiera podido prevenir mediante el ejercicio de una prudencia ordinaria.

(e) La doctrina de que la concesión de remedio bajo la Sec. 473 es discrecional del tribunal no quiere decir que el ejercicio de su discreción esté dominado por el capricho o su falta de tomar en consideración o ponderar la prueba presentada en oposición. Tal decisión debe ser el producto de una discreción razonable que a su vez debe estar basada en una consideración justa de toda la prueba y en principios de justicia para que no se lesionen derechos. No es una discreción mental pero sí una discreción imparcial guiada por principios legales precisos a ser ejercitados de conformidad con el espíritu de la ley, de modo que sirva y no impida o derrote los fines de una justicia sustancial.

(8) Es importante consignar que las disposiciones de nuestra Regla 49.2 no son aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (3) ó (4) de la misma.

debe revocarse la resolución que la dejó sin efecto. (⁹) *Elms, supra.*

A los efectos de dictaminar sobre la cuestión planteada, es decir, si el tribunal de instancia abusó de su discreción al dejar sin efecto la sentencia que previamente dictó en este caso, es necesario puntualizar los aspectos del caso que lo caracterizan y singularizan, que son los siguientes:

(1) El caso se inició a fines de 1961 y aún no se ha visto en los méritos por haber dejado los demandantes (aquí interventores) de comparecer a las vistas del caso en sus méritos que en distintas ocasiones se señalaron, sin aducir justificación alguna que comprobase de su omisión.

(2) No pudo celebrarse la vista del caso en su fondo en las últimas tres ocasiones porque los interventores no comparecieron a pesar de que (a) al suspenderse por tercera vez se ordenó que al señalarse nuevamente se apercibiría al demandante que de no comparecer se archivaría el caso, y (b) se solicitó por moción que se notificase de ese apercibiendo al demandante y así se ordenó y se hizo; (c) se incluyó el referido apercibimiento en el cuarto señalamiento de la vista del caso en sus méritos, el cual se notificó al demandante.

---

(⁹) Otras dos guías adoptadas por los tribunales de California, en relación con la aplicación de la referida Sec. 473 del Código de Procedimiento Civil de ese estado, son las siguientes:

(a) Una honrada equivocación en cuanto al derecho aplicable puede justificar un remedio bajo la Regla 49.2, pero no es una equivocación excusable la que resulta de incompetencia profesional basada en consejo errado, ignorancia general del derecho o falta de conocimiento de las reglas o negligencia inexcusable en el descubrimiento o búsqueda del derecho. La dejadez o indiferencia justifican denegar el remedio provisto por la referida regla; *García* v. *Gallo,* 176 C.A.2d 658 (1959); *Fidelity Fed. Sav. & Loan Assn.* v. *Long;* 175 C.A.2d 149 (1959).

(b) No es negligencia excusable la ausencia de gestión basada en que determinado funcionario no notificó cierta actuación de un tribunal de acuerdo a la práctica establecida por aquél o no logró la suspensión de la vista del caso como le anticipó al perjudicado, cuando tal actuación del funcionario no está prescrita por ley. *Phillips* v. *Cleaver,* 89 C.A.2d 253 (1948); *Kromm* v. *Kromm,* 84 C.A.2d 523 (1948).

(3) Las notificaciones de los señalamientos de la vista del caso y las notificaciones separadas de la minuta sobre la determinación del tribunal de instancia con respecto al apercibimiento, la moción solicitando que se notificase el apercibimiento en cuestión, y la orden declarándola con lugar, fueron hechas por correo al abogado de los interventores, a la misma dirección a la que se le dirigió la notificación de sentencia que admitió haber recibido.

(4) Los interventores alegaron no haber recibido la notificación del cuarto señalamiento pero del récord no aparece que en forma alguna sustanciaran esa alegación. No aparece que adujeran razón alguna para dejar de recibirla como hubiera sido el que fue mal dirigida o enviada a una dirección equivocada, o que no se le envió por inadvertencia o error de la oficina del Secretario o cualquier otro hecho o circunstancia que indicase o tendiese a sostener que en efecto el abogado de los demandantes no recibió tal notificación.

(5) No se acompañó con la moción de reapertura, afidávit alguno indicativo de los méritos de la reclamación del demandante, ni se ofreció prueba alguna en apoyo de dicha moción; sólo se alegó en la misma que "la parte demandante tiene interés en mantener en pie sus reclamaciones por considerar que la misma tiene mérito".

Las circunstancias relacionadas claramente distinguen este caso de los de *Ortiz Rivera* v. *Agostini,* supra, y *Ramírez de Arellano* v. *Srio. de Hacienda,* supra. El récord demuestra que: (a) ni los interventores ni su abogado han sido diligentes en el trámite del caso, prolongando el que no se viese en sus méritos durante unos cuatro años al no comparecer a las vistas de las cuales se les notificó a su abogado, según consta en autos, a la misma dirección a la cual se le dirigió la notificación de la sentencia que obviamente recibió; (b) ni los interventores ni su abogado adujeron prueba alguna en apoyo de su alegación de que no comparecieron al cuarto señalamiento del caso porque no recibieron la notificación de la

misma; (c) la causa efectiva por la que dejaron los interventores de asistir al juicio de este caso no fue por error, inadvertencia, sorpresa o negligencia excusable; la causa indudablemente fue la negligencia inexcusable de los demandantes; (d) los demandantes no establecieron por preponderancia de prueba que su incomparecencia se debió a cualquiera de las causas provistas en la Regla 49.2(1).

■ No se ha traído a nuestra atención circunstancia o razón alguna demostrativa de que el tribunal de instancia estuvo justificado en dejar sin efecto la sentencia que dictó en este caso, pues la justificación que expuso, de sostenerse, prácticamente haría inefectivas las disposiciones de la Regla 39.2.

*En vista de lo expuesto es forzoso concluir que el tribunal de instancia abusó de su discreción al dejar sin efecto la sentencia en este caso y que debemos revocar la resolución de dicho tribunal de 23 de marzo de 1965.*

Los Jueces Asociados Señores Belaval y Santana Becerra concurren en el resultado.