Opinión disidente emitida por la
Juez Asociada Señora Rodríguez Rodríguez.
Este caso nos brinda la oportunidad de reexaminar la normativa vigente sobre la prescripción de la causa de acción de daños y perjuicios cuando coincide más de un causante del daño. Este Tribunal ha resuelto que los cocausantes de un daño quedan obligados solidariamente para con la víctima. Consecuentemente, la interrupción del término prescriptivo contra uno de ellos interrumpe a su vez para todos los demás.
La solidaridad propia de naturaleza pasiva, en cuya virtud el acreedor tiene derecho a exigir el cumplimento íntegro de la obligación a cualquier miembro del grupo compuesto de varios deudores, es una forma de responsabilidad colectiva. Así entendida, es, fundamentalmente, el instrumento empleado para ampliar el círculo de responsables del daño causado.
No obstante, ésta no es la única manera en que se ha tratado la responsabilidad derivada de la culpa o negligencia. En tal rigor, la doctrina y la jurisprudencia han identificado una solidaridad especial, exclusiva de la peculiar relación que surge entre la víctima y los varios causantes del daño que sufre. Se trata de lo que se ha denominado como “solidaridad impropia” o “solidaridad imperfecta” o la doctrina de la “obligación in solidum”. Según ésta, los efectos primarios de la solidaridad, como por ejemplo, que cada codeudor sea responsable de pagar la totalidad de la deuda, se mantiene; sin embargo, aquellos efectos que se conside *163 ran secundarios, como el principio que propone que la interrupción del término prescriptivo contra uno de los cocausantes interrumpa a su vez para todos los demás, no rigen.
Soy del criterio que debemos revisar nuestra normativa respecto a la solidaridad en las acciones de daños y perjuicios cuando coinciden más de un responsable del daño, para adoptar la normativa de la interrupción del término prescriptivo que prima en la obligaciones in solidum. Esta forma de aplicar el instituto de la prescripción es la más justa y la que mejor armoniza con otras figuras del ordenamiento. Me explico.
A mi juicio, nuestra normativa actual incide sobre el funcionamiento ordenado del Derecho. Este caso es un perfecto ejemplo de ello, pues al aplicar la doctrina de la solidaridad pasiva conforme la hemos establecido, permitimos que se le reclame a quien no se trajo al pleito a tiempo y, salvo la normativa de solidaridad pasiva adoptada, no permitiríamos que se le reclamase, pues la acción en su contra estaría prescrita. El resultado a que llega la Mayoría choca irremediablemente con los principios que cimientan la figura de la prescripción, que como sabemos, es piedra angular de nuestro Derecho.
La regla vigente permite que una persona que está en posición de ejercitar su causa de acción contra todos los corresponsables de su daño no lo haga y descanse en que ya le reclamó a otro de esos responsables, por lo que su acción no habrá de prescribir respecto a aquel contra quien no ha reclamado. Claramente, esto permite extender la vigencia de la causa de acción contra ese corresponsable del daño indefinidamente, lo que es contrario a los fines que animan la institución de la prescripción. Es para evitar esos efectos no deseados que supone la solidaridad pasiva en el campo de la responsabilidad extracontractual, que estimo que debemos recurrir a principios que animan la doctrina de la obligación in solidum. Soy del criterio, por lo tanto, que la víctima debe interrumpir la prescripción *164 frente a cada uno de los cocausantes del daño para conservar su acción contra cada uno de ellos por el cariz in solidum de la obligación. Por esta razón, disiento de la opinión que suscribe el Tribunal.
I
En nuestro ordenamiento, la prescripción es un derecho sustantivo no susceptible a la flexibilidad que caracteriza a las normas procesales. Umpierre Biascoechea v. Banco Popular, 170 D.P.R. 205 (2007), opinión de conformidad de la Juez Asociada Señora Rodríguez Rodríguez; Vera v. Dr. Bravo, 161 D.P.R. 308, 321 (2004); Vega v. J. Pérez & Cía., Inc., 135 D.P.R. 746, 753 (1994). Por esa razón, una vez se determina que alguna causa de acción está prescrita, resulta imperativo su desestimación. Umpierre Biascoechea v. Banco Popular, supra; Rivera Prudencio v. Mun. de San Juan, 170 D.P.R. 149 (2007). Es decir, los tribunales no tienen discreción alguna para flexibilizar la aplicación de la figura.
El rigor de la figura de la prescripción se justifica por los propósitos que persigue, los cuales son fundamentales para el buen funcionamiento de nuestro sistema de Derecho. Se trata de “fomentar el pronto reclamo de los derechos a la vez que se procura la tranquilidad del obligado frente a la eterna pendencia de una acción civil en su contra”. Umpierre Biascoechea v. Banco Popular, supra, págs. 212-213. Así se protege la estabilidad de las relaciones jurídicas, principio trascendental del ordenamiento jurídico, que tiene prelación sobre los derechos particulares que puedan resultar afectados con la aplicación de la figura de la prescripción. Westernbank v. Registradora, 172 D.P.R. 715 (2007), opinión de conformidad de la Juez Asociada Señora Rodríguez Rodríguez; Umpierre Biascoechea v. Banco Popular, supra, y fuentes allí citadas. El legislador establece un término prescriptivo para el ejercicio de una acción judicial como mecanismo para propiciar *165 y proteger la estabilidad jurídica. Véase L. Diez-Picazo y Ponce de León, La prescripción extintiva en el Código Civil y en la jurisprudencia del Tribunal Supremo, Madrid, Thomson-Civitas, 2003, págs. 36-37.
En materia de daños y perjuicios, la prescripción está establecida en el Art. 1868 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 5298. Allí se establece que prescribe por el transcurso de un año la acción para exigir la responsabilidad civil por las obligaciones derivadas de la culpa o negligencia de que se trata el Art. 1802 desde que lo supo el agraviado.([1]) El hecho de que el legislador haya establecido expresamente un término prescriptivo de un año para ejercitar la acción de daños y perjuicios denota el propósito de que dicha acción se ejercite con premura. Ello está en concordancia con la realidad de que, contrario a lo que ocurre con las obligaciones contractuales, este tipo de obligación surge sin que exista un acuerdo previo entre las partes, factor que hace imperioso el ejercicio expedito de la acción. En estos casos, por razón de una actuación dañosa, dos personas quedan vinculadas en una relación jurídica no acordada, que acarrea una obligación no pactada. Véase H.M. Brau del Toro, El término prescriptivo y su interrupción en acciones en daños por responsabilidad extracontractual solidaria en el derecho puertorriqueño, 44 (Núm. 2) Rev. C. Abo. P.R. 203, 208 (1983).
Respecto a lo anterior, en Arroyo v. Hospital La Concepción, 130 D.P.R. 596, 602 (1992), indicamos, citando a Borrell Macía, que estas obligaciones surgen “de una manera unilateral, en virtud de un acto realizado libremente por una persona (Énfasis suprimido.) Véase, además, A. Borrell Macía, Responsabilidades derivadas de culpa ex-tracontractual civil, 2da ed., Barcelona, Ed. Bosch, 1958, pág. 319. Aun cuando estamos sustancialmente de acuerdo *166 con lo anterior, a saber, que la actuación ilícita conlleva obligarse voluntariamente a reparar los daños causados, entiendo que el alcance de la obligación es incierto y no se ha consentido a ello. Es decir, el monto de los daños es un asunto que se dilucida posteriormente y, de ordinario, el obligado no conoce el alcance de su obligación hasta ese momento.
Por otro lado, para aplicar adecuadamente el precepto legal de la prescripción a las obligaciones que surgen de un acto ilícito, es necesario establecer desde cuándo comienza a transcurrir el término prescriptivo. Como sabemos, el Art. 1868 del Código Civil, supra, establece que el término prescriptivo comienza a transcurrir desde que el agraviado supo del daño. Esto es lo que llamamos la teoría cognoscitiva del daño. Además, para que comience a transcurrir el término prescriptivo la víctima debe estar en posición de ejercer la causa de acción, según dispone el Art. 1869 del Código Civil, 31 L.P.R.A. see. 5299. Vera v. Dr. Bravo, supra, pág. 328. Estos preceptos se aplican bajo el estándar de una persona razonable y prudente. Es decir, el término prescriptivo comienza desde el momento en que el perjudicado, actuando con la debida diligencia, debió reconocer que se le había infringido un daño y debió estar en posición de ejercer su acción. Vera v. Dr. Bravo, supra; López v. Autoridad de Carreteras, 133 D.P.R. 243, 256 (1993). Todo lo anterior persigue “castigar la inercia en el ejercicio de los derechos, pues ello da lugar a una presunción legal de abandono ...”. Umpierre Biascoechea v. Banco Popular, supra, pág. 213.
II
A través de nuestros pronunciamientos jurisprudenciales hemos ido matizando nuestra normativa respecto a los cocausantes del daño y la naturaleza de su responsabilidad *167 frente al agraviado. No siempre sostuvimos el criterio que hoy prima y al cual hicimos referencia en el inicio. Veamos.
En Cruz et al. v. Frau, 31 D.P.R. 92, 100 (1922), adoptamos el principio del alcance totalitario de la responsabilidad de cada uno de los cocausantes de un daño. Específicamente establecimos que
[c]uando se ocasiona un daño por la negligencia concurrente de dos personas y éste no hubiera ocurrido a falta de una u otra, la negligencia de ambas es la causa próxima del accidente, y las dos son responsables. Bajo tales circunstancias es razonable hacer a cada una responsable de toda la pérdida pues la misma no hubiera tenido lugar sin la negligencia de una u otra. Cruz et al. v. Frau, supra, pág. 100, citando a 22 Ruling Case Law, págs. 129-130.
Nótese que en la expresión citada no se hace referencia a la figura de la solidaridad. Allí nos circunscribimos a demarcar el alcance de la responsabilidad que se deriva de la comisión del acto dañoso y lo construimos en referencia a la doctrina de causa próxima. Adviértase, además, que la normativa adoptada en Cruz et al. v. Frau no fluye de un análisis de las disposiciones del Código Civil que gobiernan la materia, sino que se sustrajo del derecho común. Podemos concluir entonces, que la regla adoptada en Cruz et al. v. Frau, supra, pág. 100, no se refería a la figura de la solidaridad. Se trataba de especificar la responsabilidad que emana de la actuación ilícita para con la víctima.
Distinto a lo que sucede con las obligaciones contractuales en las cuales el cumplimiento gira alrededor de la obligación contraída, en materia extracontractual, el cumplimiento de la obligación se logra con el reparo del daño causado. Es decir, lo que define el alcance de la obligación es el daño sufrido por la víctima. Véanse: C.J. Irizarry Yunqué, Responsabilidad Civil Extracontractual, 6ta ed., [sin 1.], edición del autor, 2007, págs. 12-17; F. Soto Nieto, La responsabilidad civil derivada del ilícito culposo, vinculaciones solidarias, Madrid, Ed. Montecorvo, 1982, págs. 126- *168 127; Borrell Macla, op cit, págs. 236-239. De ahí que un cocausante del daño esté obligado a reparar el daño en su totalidad, pues el resarcimiento parcial no permite hacer efectiva la responsabilidad contraída con la víctima al incurrir en el acto dañoso. Véase A.C. Montes, Mancomunidad o solidaridad en la responsabilidad plural por acto ilícito civil, Barcelona, Ed. Bosch, 1985, págs. 126-128 y 136.
Lo anterior es una interpretación razonable del Art. 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 5141, el cual establece:
El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización.
Vemos cómo este precepto legal establece que el que causa un daño está obligado a reparar el daño causado. Cuando hay más de un causante, todos causan el daño. Por lo tanto, podemos interpretar que cada uno está obligado a reparar el daño causado. Cruz et al. v. Frau, supra, pág. 100.
Posteriormente, en Cubano v. Jiménez et al., 32 D.P.R. 167,170 (1923), expresamente dijimos que “la tendencia de la jurisprudencia ha[bía] sido declarar in solidum la responsabilidad de los varios demandados ...”. Expresamos también, que en Cruz et al. v. Frau, ante, ya se había establecido esta normativa. Así, a menos de un año de resuelto Cruz et al. v. Frau, sostuvimos que allí habíamos adoptado la normativa de responsabilidad in solidum.
Aquí conviene una breve digresión para abordar la figura de la obligación in solidum, o de la solidaridad imperfecta. Esta se define como un “tipo de obligación [que] genera para cada deudor el deber de pagar el todo, pero sin que se produzcan los efectos secundarios de la solidaridad”. I. Díaz de Lezcano, La no presunción de solidaridad en las obligaciones: estudio en torno a la jurispru *169 dencia del Tribunal Supremo, Madrid, Ed. Marcial Pons, 1997, pág. 109. Así, la obligación in solidum tiene el efecto primario de la solidaridad en la que cada deudor queda obligado a satisfacer la deuda de forma total. Empero, la obligación in solidum no conlleva los efectos secundarios de la solidaridad, como lo es el que la interrupción del término prescriptivo contra uno de los cocausantes de un daño, interrumpa a su vez para todos los demás. C. Gómez Ligüerre, Solidaridad y derecho de daños: los límites de la responsabilidad colectiva, Navarra, Ed. Thomson Civitas, 2007, págs. 126-127. Y es que se ha visto “en la añosa figura de la ‘solidaridad impropia’ la solución a uno de los problemas que plantea la responsabilidad solidaria: la interrupción de la prescripción”. Id., pág. 129. Véanse, además: STS 5.6.2003 (RJ 4124); STS 23.6.2003 (RJ 4254); STS 14.3.2003 (RJ 3645). Esta fue la figura que primaba en nuestro ordenamiento en materia de responsabilidad de un cocasusante de un daño durante la primera parte del siglo XX.
Retomando la discusión de nuestra jurisprudencia, en García v. Gobierno de la Capital, 72 D.P.R. 138, 148-149 (1951), no obstante lo indicado en Cruz et al. v. Frau, supra, y Cubano v. Jiménez et al., supra, extendimos al campo de daños y perjuicios los Arts. 1094, 1098 y 1874 del Código Civil, 31 L.P.R.A. sees. 3105, 3109 y 5304, que regulan los efectos de la solidaridad. Allí se resolvió que los cocausantes de un daño que paguen la totalidad de la obligación, como deudores solidarios les asiste el derecho de contribución establecido en el Art. 1098 del Código Civil, supra. Resolvimos, además, que al interponerse la demanda original dentro del término prescriptivo, quedaba interrumpida la prescripción contra los demás corresponsables para que estos últimos pudieran ser traídos al pleito como terceros demandados por los demandados originales. Esto se hizo al aplicar los referidos Arts. 1094 y 1874 del Código Civil referentes a los efectos de la solidaridad.
*170 Finalmente, en Arroyo v. Hospital La Concepción, supra, se reiteró la aplicación de los efectos de la solidaridad en nuestro ordenamiento al campo de la prescripción de las acciones de daños y perjuicios. Resolvimos que la interrupción del término prescriptivo contra uno de los cocausantes de un daño interrumpe el término prescriptivo en relación con los demás, por ser éstos deudores solidarios.
En aquella ocasión, el entonces Juez Asociado Señor Hernández Denton expresó su disconformidad con la aplicación automática de la doctrina de solidaridad entre cocausantes de un daño. Sugirió, en su opinión disidente, la adopción de la doctrina de responsabilidad in solidum. Criterio que evidentemente comparto respecto al asunto aquí discutido.
Lo cierto es que ni en García v. Gobierno de la Capital, supra, ni en Arroyo v. Hospital La Concepción, supra, atendimos la incongruencia que presentaba lo allí resuelto con nuestros previos pronunciamientos en Cubano v. Jiménez et al., supra. A mi juicio, tampoco abordamos satisfactoriamente por qué debíamos hacer caso omiso a los fundamentos que sustentan la extensión de un término prescriptivo según establecido por el legislador en el Código Civil para las acciones de daños y peijuicios. El resultado ha sido que, jurisprudencialmente, hemos construido una norma sobre solidaridad en la responsabilidad extracontractual que no está expresamente incluida en nuestro Código Civil y le he-mos dado primacía sobre el instituto de la prescripción, que sí está regulado.
Arm cuando coincidimos con lo dicho en Arroyo v. Hospital La Concepción, supra, págs. 605-607, en cuanto a que el derecho debe ser uniforme, entendemos que en materia de responsabilidad extracontractual el fin último de la normativa debe ser obtener un resultado justo y equitativo para todas las partes. Esto, pues como ya advertimos, este tipo de obligación surge sin que exista acuerdo alguno entre las partes, y contrario a lo que ocurre con las obligaciones contractuales, no existe la oportunidad de negociar los términos de la obligación ni de consentir a ésta.
*171 Por todo lo anterior, soy del criterio que en nuestra jurisdicción, en materia de prescripción de la causa de acción de daños y perjuicios cuando coincide más de un causante, debemos adoptar el principio de la obligación in solidum. Si se adoptara, la víctima deberá interrumpir la prescripción en relación con cada uno de los cocausantes del daño para conservar la acción contra cada uno de ellos, tal y como ocurre en las obligaciones in solidum. Este principio es el más congruente, a mi juicio, con la naturaleza de nuestro ordenamiento.([2])
Esta normativa no le impone una carga indebida a la víctima, pues se trata de que ejercite su acción dentro del término prescriptivo establecido por ley. La víctima tendría el mismo deber de diligencia que tiene cuando sólo hay un causante del daño. Sigue siendo de aplicación la teoría cognoscitiva del daño, la cual establece que el término prescriptivo comienza cuando la víctima puede ejercer la acción. Esto permite que si posteriormente, e incluso durante un pleito contra uno de los cocausantes del daño, la víctima adviene en conocimiento de la existencia de otro cocausante, su acción contra este último no estará prescrita.
Por el contrario, la normativa vigente permite que una persona que está en posición de ejercitar su causa de acción contra uno de los cocausantes, no lo haga y descanse en que su reclamación no prescribirá por haber demandado a otro de los cocausantes. Esta incertidumbre y dilación en el ejercicio del derecho es precisamente lo que pretende evitar la figura de la prescripción. Como dijimos, el propósito de la prescripción es fomentar el pronto reclamo de los derechos y procurar la tranquilidad del obligado frente a la eterna pendencia de una acción civil en su contra. Así le impartimos estabilidad a las relaciones jurídicas.
*172 Por último, es preciso abordar el efecto que pueda tener la adopción de esta norma en la posible demanda contra tercero o acción de nivelación que puedan surgir a raíz de una acción de daños y perjuicios. Una vez se resuelve que la acción está prescrita, soy del criterio que no se podrá recobrar mediante demanda contra tercero o en nivelación de ese cocausante. Esto ha de ser así, pues si la acción está prescrita para la víctima, debe estarlo también para ese cocausante. La obligación del cocausante no puede depender de quién sea el demandante. Ello tendría el efecto de evadir la norma, pues el corresponsable que no ha sido demandado estaría sujeto a responder, aun cuando haya prescrito la causa de la acción original. ([3]) Véanse: Rivera Hernández v. Comtec Comm., 171 D.P.R. 695 (2007); Pauneto v. Nuñez, 115 D.P.R. 591, 596 (1984).
Ahora bien, a los fines de lograr una solución justa, soy del criterio que en caso de que se establezca que la acción está prescrita en relación con uno de los cocausantes del daño, el perjudicado debe asumir el porciento de responsabilidad que se le adjudique a ese cocausante. Así debe ser, pues ha sido su inercia lo que ha causado que la acción prescriba. Además, evitaría un perjuicio innecesario a los demás cocausantes del daño quienes ahora, no obstante la falta de diligencia de la víctima, responden por la totalidad del daño. Lo mismo ocurriría cuando el peijudicado transija con uno de los cocausantes y asuma su responsabilidad, tanto para con él como en la relación interna entre cocausantes. Al no ejercer la causa de acción contra uno de los cocausantes dentro del término prescriptivo, el peijudicado debería asumir su responsabilidad. Véanse: Blás v. Hospital Guadalupe, 167 D.P.R. 439 (2006); S.L.G. Szendrey v. Hospicare, Inc., 158 D.P.R. 648 (2003).
*173 III
En el caso ante nuestra consideración, en la querella inicial, presentada el 31 de marzo de 1999, la demandante identificó a la Dra. Doris González Torres como la persona que cometió los actos discriminatorios en su contra. Por lo tanto, al momento de instar la querella original, la demandante conocía de su daño, de la identidad de la doctora González Torres y estaba en posición de entablar una acción contra esta última. A pesar de ello, no fue hasta el 1 de abril de 2002 cuando que solicitó presentar una demanda enmendada para incluir como codemandada a la doctora González Torres. En vista de lo anterior, y conforme los fundamentos expuestos en esta opinión, resolvería que las acciones contra la doctora González Torres, en su carácter personal, están prescritas.
Por lo anterior, disiento de la determinación de la mayoría de este Tribunal en cuanto a que las causas de acción contra la codemandada, doctora González Torres, en su carácter personal, no están prescritas. En cuanto a lo demás, concurro con el resultado.

(1) El Art. 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 5141, establece:
“El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización.”

(2) Adviértase que no estamos proponiendo la adopción de la doctrina de la obligación in solidum en toda su extensión, sino sólo en cuanto al aspecto que se refiere a la interrupción del término prescriptivo cuando coincide más de un causante del daño, por ser esa la controversia ante nuestra consideración en este caso.

(3) Soy consciente de que la nivelación y la demanda contra tercero son causas de acción distintas, pero en virtud de que tienen su génesis en la acción de daños y perjuicios, entiendo que su ejercicio debe circunscribirse a la vigencia de la acción que las motiva.