ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| WM CAPITAL PARTNERS 76, LLC<br><br>Apelado<br><br>v.<br><br>GLORIA ESTHER LIZARDI RIVERA, VÍCTOR SEÑERIZ LIZARDI; ALFONSO SEÑERIZ LIZARDI Y OTROS<br><br>Apelantes | KLAN202400302 | ***APELACIÓN***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Civil Núm. CG2022CV03757<br><br>Sobre:<br>Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Ramos.

Rivera Pérez, Jueza ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2024.

Comparecen la Sra. Gloria E. Lizardi Rivera, el Sr. Víctor M. Señeriz Lizardi, el Sr. Alfonso L. Señeriz Lizardi, la Sra. Glorivette Señeriz Lizardi, la Sra. Marlene Señeriz Lizardi, y la Sra. Carmen Señeriz Morales mediante el presente recurso de *Apelación* y nos solicitan la revisión de la *Sentencia en Rebeldía* dictada el 24 de enero de 2024 y notificada el 5 de febrero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI). Mediante este dictamen, el TPI declaró Ha Lugar la *Moción para que se Dicte Sentencia en Rebeldía* presentada por WM Capital Partners 76 LLC (en adelante, WM Capital Partners) el 13 de diciembre de 2023. Además, los apelantes nos solicitan la revisión de la denegatoria por parte del TPI para levantarle la anotación de rebeldía en su contra.

Por los fundamentos que expondremos, se confirma la *Sentencia* apelada.

Número Identificador

SEN2024_____

**I**

El 11 de julio de 2022, WM Capital Partners presentó una *Demanda* sobre cobro de dinero y ejecución de hipoteca en contra de la Sra. Gloria E. Lizardi Rivera y la Sucesión del Sr. Víctor R. Señeriz Díaz compuesta por el Sr. Víctor M. Señeriz Lizardi, el Sr. Alfonso L. Señeriz Lizardi, y Fulano De Tal,[1] en la que, en síntesis, reclamó el repago de dos (2) préstamos hipotecarios vencidos.

El 16 de enero de 2023, luego de que fueran debidamente emplazados, la Sra. Gloria E. Lizardi Rivera, el Sr. Víctor M. Señeriz Lizardi y el Sr. Alfonso L. Señeriz Lizardi presentaron su *Contestación a Demanda y Reconvención*,[2] en la que negaron haber incumplido con los pagos de los préstamos hipotecarios, levantaron varias defensas afirmativas, y presentaron una reconvención sobre daños. En síntesis, en la reconvención estos solicitaron una indemnización por los alegados daños sufridos como consecuencia de que WM Capital Partners no les contestó ciertos requerimientos de información relacionados a la deuda reclamada en la demanda.

Luego de varios trámites procesales,[3] el 21 de febrero de 2023, WM Capital Partners presentó *Primera Demanda Enmendada* con el fin de incluir a la Sra. Glorivette Señeriz Lizardi, la Sra. Marlene Señeriz Lizardi y la Sra. Carmen Señeriz Lizardi como partes demandadas en el caso.[4] El 14 de marzo de 2023, se expidieron los emplazamientos dirigidos a estas partes.[5]

---

[1] Véase, Apéndice de la *Apelación*, págs. 1-7.

[2] Véase, Apéndice de la *Apelación*, págs. 8-12.

[3] Entre estos, El 31 de enero de 2023, WM Capital Partners presentó *Réplica a la Reconvención* y, el 20 de febrero de 2023, *Primera Réplica a la Reconvención Enmendada.* Véase, entradas Núm. 16 y 17 del expediente digital del Caso Núm. CG2022CV03757 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[4] Véase, entradas Núm. 18 y 19 del expediente digital del Caso Núm. CG2022CV03757 en el SUMAC.

[5] Véase, entradas Núm. 26 y 27 del expediente digital del Caso Núm. CG2022CV03757 en el SUMAC.

El 12 de junio de 2023, WM Capital Partners presentó *Segunda Demanda Enmendada* con el fin de corregir el nombre de la Sra. Carmen Señeriz Lizardi a Sra. Carmen Señeriz Morales.[6]

En síntesis, en la demanda enmendada WM Capital Partners alegó que, en el 2003, Oriental Bank le otorgó dos (2) préstamos comerciales al Sr. Víctor Rafael Señeriz Díaz y a la Sr. Gloria Esther Lizardi Rivera por un total de $433,000.11; el repago de los préstamos se garantizó con tres (3) hipotecas sobre una propiedad en la Urbanización Villa Turabo en Caguas que totalizan $315,000.00 y una hipoteca sobre una propiedad en la Urbanización Villa Del Rey en Caguas por $118,000.00; que el Sr. Víctor Rafael Señeriz Díaz falleció y sus únicos herederos eran su viuda, la Sra. Gloria Esther Lizardi Rivera, y sus hijos el Sr. Víctor Señeriz Lizardi, el Sr. Alfonso Señeriz Lizardi, la Sra. Glorivette Señeriz Lizardi, la Sra. Marlene Señeriz Lizardi, la Sra. Carmen Señeriz Morales; y que, en el 2019, WM Capital Partners adquirió los derechos de Oriental Bank, por lo que era la acreedora de estos préstamos hipotecarios. Además, alegó lo siguiente:

> "50. [...] los Demandados incumplieron con sus obligaciones contractuales bajo todos los Contratos de Préstamo y los Pagarés, al dejar de pagar las sumas del principal e intereses adeudados.
>
> 51. A consecuencia del incumplimiento de pago de los Demandados, y conforme a los términos y condiciones de los Préstamos I y II, los Demandados adeudaban $180,122.85 en concepto de principal, intereses y cargos por atraso al 23 de agosto de 2022.
>
> 52. Además, adeudan el 10% de la cantidad original de cada uno de los Pagarés y Pagarés Hipotecarios relatados anteriormente, en concepto de costas y honorarios de abogado.
>
> 53. Dichas sumas están vencidas son líquidas y exigibles y se ha exigido el pago de las mismas."[7]

---

[6] Véase, entradas Núm. 28 y 29 del expediente digital del Caso Núm. CG2022CV03757 en el SUMAC.

[7] Véase, entrada Núm. 29 del expediente digital del Caso Núm. CG2022CV03757 en el SUMAC. La enmienda a la demanda se acompañó **únicamente** con copia de los contratos de préstamos, escrituras de hipoteca, pagarés, contratos de prenda y estudios de títulos.

En esa misma fecha, WM Capital Partners presentó, además, *Moción para el Emplazamiento por Edicto de Glorivette Señeriz Lizardi, Marlene Señeriz Lizardi y Carmen Señeriz Morales*.[8] En lo pertinente, WM Capital Partners alegó lo siguiente:

> "4. Los Demandados proveyeron direcciones para dichas personas en una contestación a un Interrogatorio. Véase el Anejo 1.
>
> 5. El emplazador Christopher Knapp Romero llevó a cabo un sinnúmero de esfuerzos por dar con el paradero de estas personas, incluyendo visitar las direcciones informadas por los Demandados. Sin embargo, sus esfuerzos no rindieron fruto. Véase la Declaración Jurada, incluida como Anejo 2.
>
> 6. Además de ello, recientemente los Demandados informaron a WM Capital Partners una dirección para Carmen Señeriz Morales en los EE.UU. Véase la Declaratoria de Herederos, Anejo 3.
>
> 7. Habiéndose provisto una declaración jurada que certifica que Glorivette Señeriz Lizardi, Marlene Señeriz Lizardi y Carmen Señeriz Morales no pudieron ser localizadas después de realizadas las diligencias pertinentes, o que sus direcciones corresponden a los EE.UU., corresponde que el Tribunal dicte "una orden para disponer que el emplazamiento" de Glorivette Señeriz Lizardi, Marlene Señeriz Lizardi y Carmen Señeriz Morales se haga por edicto conforme a la Regla 4.6 de Procedimiento Civil.
>
> 8. En fin, los esfuerzos de la demandante de identificar y localizar a las codemandadas desconocidos no han rendido frutos o los esfuerzos han terminado en una dirección en EE.UU."[9]

Finalmente, WM Capital Partners solicitó en su moción que se le permitiera emplazar por edicto a la Sra. Glorivette Señeriz Lizardi, la Sra. Marlene Señeriz Lizardi y la Sra. Carmen Señeriz Morales, a lo cual accedió el TPI mediante la *Orden Emplazamiento por Edicto* emitida 13 de junio de 2023 y notificada el 20 de junio de 2023.[10] El 9 de agosto de 2023, se expidió el emplazamiento

---

[8] Véase, entrada Núm. 30 del expediente digital del Caso Núm. CG2022CV03757 en el SUMAC.

[9] *Íd.*

[10] Véase, entrada Núm. 31 del expediente digital del Caso Núm. CG2022CV03757 en el SUMAC.

dirigido a estas partes y, el 16 de agosto de 2023, se publicó el edicto.[11]

El 17 de octubre de 2023, WM Capital Partners presentó una *Moción para la Anotación de Rebeldía.*[12] En síntesis, WM Capital Partners alegó que había transcurrido en exceso el término de treinta (30) días establecido en la Regla 10 de Procedimiento Civil, 32 LPRA Ap. V, R. 10, para que las codemandadas, que fueron incluidas mediante la primera demanda enmendada, Sra. Glorivette Señeriz Lizardi, Sra. Marlene Señeriz Lizardi y Sra. Carmen Señeriz Morales, presentaran su contestación a la demanda, por lo que procedía que se les anotara la rebeldía.

El 20 de octubre de 2023, notificada el 23 de octubre de 2023, el TPI emitió una *Orden,* mediante la cual declaró Con Lugar la solicitud de WM Capital Partners y, en consecuencia, les anotó la rebeldía a las codemandadas Sra. Glorivette Señeriz Lizardi, Sra. Marlene Señeriz Lizardi y Sra. Carmen Señeriz Morales.[13]

El 4 de diciembre de 2023, WM Capital Partners presentó una *Moción para la Anotación de Rebeldía de los Co-Demandados Gloria Esther Lizardi Rivera, Víctor Señeriz Lizardi; Alfonso Señeriz Lizardi.*[14] En síntesis, WM Capital Partners alegó que los codemandados originales Sra. Gloria E. Lizardi Rivera, Sr. Víctor M. Señeriz Lizardi y Sr. Alfonso L. Señeriz Lizardi tampoco habían presentado su contestación a la demanda enmendada transcurrido el término de treinta (30) días de habérseles notificado establecido en la Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.1, ni habían solicitado una prórroga para contestarla, por lo que procedía que también se les anotara la rebeldía.

---

[11] Véase, entradas Núm. 39 y 40 del expediente digital del Caso Núm. CG2022CV03757 en el SUMAC.

[12] Véase, entrada Núm. 43 del expediente digital del Caso Núm. CG2022CV03757 en el SUMAC.

[13] Véase, entrada Núm. 44 del expediente digital del Caso Núm. CG2022CV03757 en el SUMAC.

[14] Véase, entrada Núm. 45 del expediente digital del Caso Núm. CG2022CV03757 en el SUMAC.

El 4 de diciembre de 2023, notificada el 8 de diciembre de 2023, el TPI emitió una *Orden* mediante la cual declaró Con Lugar la solicitud de WM Capital Partners y, en consecuencia, les anotó la rebeldía a los codemandados originales Sra. Gloria E. Lizardi Rivera, Sr. Víctor M. Señeriz Lizardi y Sr. Alfonso L. Señeriz Lizardi.[15]

Así las cosas, el 13 de diciembre de 2023, WM Capital Partners presentó una *Moción para que se Dicte Sentencia en Rebeldía.*[16] En síntesis, WM Capital Partners solicitó que se dictara sentencia en rebeldía declarando Ha Lugar la demanda sobre cobro de dinero y ejecución de hipoteca y ordenando el pago de la deuda ahí reclamada. En lo pertinente, WM Capital Partners alegó lo siguiente:

> "4. Se aneja una declaración jurada de Edwin Torres Figueroa, agente de WM Capital, que certifica la cantidad adeudada, por lo que procede que el Tribunal dicte Sentencia que ordene a la demandada a pagarle a WM Capital solidariamente la cantidad de $152,459.56 al 5 de diciembre de 2023, además de la cantidad de $1.05 que acumula por cada día (per diem) que transcurre, hasta su pago y satisfacción. Véase el Anejo 1.
>
> 5. Por último, según se dispuso en la Segunda Demanda Enmendada, cuyas alegaciones han sido admitidas por los Demandados, los Pagarés y Pagarés Hipotecarios relatados y anejados en las alegaciones proveen para el pago de 10% de la cantidad principal original de cada uno de los pagarés, en concepto de costas y honorarios de abogado. A base del valor principal original de $433,000, véase la Segunda Demanda Enmendada, Doc. 29 [sic.] 10, WM Capital tiene derecho a cobrar $43,300 en honorarios de abogado y otros gastos incurridos para obtener Sentencia en cobro de la deuda."[17]

El 18 de diciembre de 2023, la Sra. Gloria E. Lizardi Rivera, el Sr. Víctor M. Señeriz Lizardi, el Sr. Alfonso Luis Señeriz Lizardi,

---

[15] Véase, entrada Núm. 46 del expediente digital del Caso Núm. CG2022CV03757 en el SUMAC.

[16] Véase, Apéndice de la *Apelación*, págs. 13-23.

[17] WM Capital Partners acompañó su solicitud con una declaración jurada suscrita por el Sr. Edwin Torres Figueroa, agente de WM Capital Partners; una *Estipulación* entre Oriental Bank, la Sra. Gloria E. Lizardi Rivera, y la Sucn. del Sr. Víctor Rafael Señeriz Díaz; y un *Loan Statement*. Véase, Apéndice de la *Apelación*, págs. 16-23.

la Sra. Glorivette Señeriz Lizardi, la Sra. Marlene Señeriz Lizardi y la Sra. Carmen Señeriz Morales (en adelante, parte demandada-apelante), por conducto del Lcdo. Fredeswin Pérez Caballero, presentaron una *Moción Solicitando se Levante Rebeldía y en Oposición a que se Dicte Sentencia en Rebeldía*, solicitando que se dejara sin efecto la anotación de rebeldía.[18] Alegaron que habían comparecido, contestado la demanda original, y presentado una reconvención. Añadieron que tenían defensas válidas y que estuvieron en todo momento en comunicación con la parte demandante brindándole información.

El 20 de diciembre de 2023, la parte demandada-apelante presentó su *Contestación a Demanda Enmendada y Reconvención*,[19] en la que reiteró lo expuesto por los codemandados originales en su contestación a la demanda original.[20] A saber, estos negaron haber incumplido con los pagos de los préstamos hipotecarios, levantaron varias defensas afirmativas, y presentaron una reconvención sobre daños.

Luego de varios trámites procesales,[21] el 3 de enero de 2024, WM Capital Partners presentó su *Oposición a que se Levante la Rebeldía*.[22] En su moción, WM Capital Partners se opuso a la solicitud de la parte demandada-apelante basado en que no existía justa causa para que se dejara sin efecto la anotación de rebeldía.

El 4 de enero de 2024, el TPI emitió y notificó una *Orden*, mediante la cual declaró No Ha Lugar la *Moción Solicitando se*

---

[18] Véase, Apéndice de la *Apelación*, págs. 24-26. La representación legal de estas partes explicó que no había podido expresarse con respecto a las solicitudes de anotación de rebeldía presentadas por WM Capital Partners porque se encontraba fuera de su oficina desde el 1 de diciembre de 2023 atendiendo ciertos asuntos relacionados a otros casos. Véase, *Íd.*, pág. 25.
[19] Véase, Apéndice de la *Apelación*, págs. 27-31.
[20] Véase, Apéndice de la *Apelación*, págs. 8-12.
[21] Entre estos, el 29 de diciembre de 2023, WM Capital Partners su *Réplica a la Reconvención*. Véase, entrada Núm. 56 del expediente digital del Caso Núm. CG2022CV03757 en el SUMAC.
[22] Véase, Apéndice de la *Apelación*, págs. 32-34.

*Levante Rebeldía y en Oposición a que se Dicte Sentencia en Rebeldía* presentada por la parte apelante.[23]

Al día siguiente, la parte demandada-apelada presentó una *Moción de Prórroga,*[24] en la cual indicó que pretendía presentar una moción de reconsideración de la *Orden* de 4 de enero de 2024, para lo cual aún estaba a tiempo. Además, solicitó un término adicional de quince (15) para presentar su oposición a la solicitud de WM Capital Partners para que se dictara sentencia en rebeldía, a lo cual accedió el TPI mediante la *Orden*[25] emitida y notificada el 8 de enero de 2024.

El 24 de enero de 2024, **notificada el 5 de febrero de 2024**, el TPI dictó la *Sentencia en Rebeldía*[26] apelada declarando Ha Lugar la *Moción para que se Dicte Sentencia en Rebeldía* presentada por WM Capital Partners el 13 de diciembre de 2023. En consecuencia, se dictó sentencia a favor de la WM Capital Partners declarando Ha Lugar la *Segunda Demanda Enmendada* y ordenando a la parte apelante al pago de la deuda ahí reclamada. En el dictamen, el TPI concluyó y resolvió lo siguiente:

> "Según se dispuso en la Segunda Demanda Enmendada, cuyas alegaciones han sido admitidas por los Demandados, en el 2003, Oriental Bank (en adelante "Oriental") otorgó dos préstamos comerciales a Víctor Rafael Señeriz Díaz (Q.E.P.D.), Gloria Esther Lizardi Rivera y la Sociedad Legal de Bienes Gananciales compuesta por ambos, por un total de $433,000. Garantizó el repago de los préstamos con tres hipotecas sobre una Propiedad en el Barrio Turabo que totalizan $315,000 y una hipoteca sobre una Propiedad en Villa Del Rey por $118,000. Los documentos del préstamo además proveen como penalidad el 10% de la cantidad original de cada uno de los Pagarés y Pagarés Hipotecarios relatados anteriormente, en concepto de costas y honorarios de abogado, en caso de incumplimiento.
>
> […]

---

[23] Véase, Apéndice de la *Apelación*, pág. 35.
[24] Véase, entrada Núm. 61 del expediente digital del Caso Núm. CG2022CV03757 en el SUMAC.
[25] Véase, entrada Núm. 62 del expediente digital del Caso Núm. CG2022CV03757 en el SUMAC.
[26] Véase, Apéndice de la *Apelación*, págs. 48-51.

Víctor Rafael Señeriz Díaz murió y sus únicos herederos son Víctor Señeriz Lizardi, Alfonso Señeriz Lizardi, Glorivette Señeriz Lizardi, Marlene Señeriz Lizardi, Carmen Señeriz Morales y su viuda, Gloria Esther Lizardi Rivera. En el 2019, WM Capital adquirió los derechos de Oriental, por lo que WM Capital es acreedora de los préstamos de los demandados. Así las cosas, sin embargo, los Demandados incumplieron con sus obligaciones contractuales bajo todos los Contratos de Préstamo y los Pagarés, al dejar de pagar las sumas del principal e intereses adeudados. Dichas sumas están vencidas son líquidas y exigibles y se ha exigido el pago de las mismas. Sin embargo, el balance no se ha satisfecho.

[…]

Los demandados en el presente caso, no han demostrado a satisfacción de este Honorable Tribunal haber efectuado el pago de las sumas concedidas en préstamo. Por lo tanto, es meridianamente claro que, según el derecho aplicable, procede se dicte sentencia condenándoles al pago de las sumas adeudadas, que al 5 de diciembre de 2023 sumaban $152,459.56, además de la cantidad de $1.05 que acumula por cada día (per diem) que transcurre, hasta su pago y satisfacción. Por otro lado, los Pagarés y Pagarés Hipotecarios relatados y anejados en las alegaciones que han sido admitidas proveen para el pago de 10% de la cantidad principal original de cada uno de los pagarés, en concepto de costas y honorarios de abogado. A base del valor principal original de $433,000, véase la Segunda Demanda Enmendada, Doc. 29 [sic.] 10, WM Capital tiene derecho a cobrar $43,300 en honorarios de abogado y otros gastos incurridos para obtener Sentencia en cobro de la deuda. En total, los Demandados están solidariamente obligados a pagar $195,759.56 a la Demandante.

[…]

El estado procesal del presente caso reúne todos los requisitos para que el Tribunal dicte la sentencia correspondiente pues los demandados han dejado de presentar alegaciones o defenderse, no habiendo presentado su contestación a la Segunda Demanda Enmendada dentro del término dispuesto por las Reglas de Procedimiento Civil. A esta fecha, los Demandados están en rebeldía y se ha provisto declaración jurada de la cantidad adeudada. Siendo esto así, procede dictar Sentencia en contra de todos los Demandados.

RESOLVEMOS declarar con lugar la Moción de Sentencia en Rebeldía y ordenar el pago de la obligación según los términos aquí adoptados."[27]

---

[27] Véase, Apéndice de la *Apelación*, págs. 48-51.

El 25 de enero de 2024, la parte demandada-apelante presentó su *Oposición a que se Dicte Sentencia en Rebeldía y Moción de Desestimación.*[28] En síntesis, se opuso a la solicitud de WM Capital Partners para que se dictara sentencia en rebeldía basado en que existían hechos materiales en controversia que impedían la resolución sumaria del caso. En particular, alegó que existía controversia con respecto al balance adeudado.

El 12 de febrero de 2024, la parte demandada-apelante presentó *Moción de Reconsideración de Sentencia,*[29] a la cual se opuso WM Capital Partners mediante *Oposición a Reconsideración de Rebeldía*[30] presentada el 22 de febrero de 2024.

Finalmente, el 23 de febrero de 2024, notificada el 26 de febrero de 2024, el TPI emitió *Orden* declarando No Ha Lugar la moción de reconsideración de la parte demandada-apelante.[31]

En desacuerdo con la determinación del TPI, la parte demandada-apelante acudió ante nos el 27 de marzo de 2024 mediante el presente recurso de *Apelación*. En su escrito, la parte demandada-apelante señala que el TPI cometió los errores siguientes:

> **Primer Error:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA EN REBELDÍA SIN PREVIA ADVERTENCIA DE LA IMPOSICIÓN DE SANCIONES.
>
> **Segundo Error:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARSE A LEVANTAR LA REBELDÍA.
>
> **Tercer Error:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR CON LUGAR LA MOCIÓN DE SENTENCIA EN REBELDÍA Y DECLARAR CON LUGAR LA DEMANDA.
>
> **Cuarto Error:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARSE A DECLARAR CON LUGAR LA MOCIÓN DE DESESTIMACIÓN.

---

[28] Véase, Apéndice de la *Apelación*, págs. 49-51.
[29] Véase, Apéndice de la *Apelación*, págs. 53-65.
[30] Véase, Apéndice de la *Apelación*, págs. 66-68.
[31] Véase, Apéndice de la *Apelación*, pág. 69.

**Quinto Error:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARSE A DECLARAR CON LUGAR LA MOCIÓN DE RECONSIDERACIÓN.

El 26 de abril de 2024, WM Capital Partners presentó *Alegato De Apelado De WM Capital Partners 76. LLC.*

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**A.**

En cuanto a la anotación de rebeldía, la Regla 45.1 de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 45.1, dispone lo siguiente:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.
>
> El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

Con relación a dicha regla, el Tribunal Supremo de Puerto Rico ha expresado que, "[e]l propósito del mecanismo de la rebeldía es desalentar el uso de la dilación como estrategia de litigación". *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 587 (2011). A su vez, ha afirmado que "la rebeldía 'es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal'". *Íd.,* pág. 589.

La Regla 45.1 de Procedimiento Civil, *supra,* provee un remedio para las situaciones en las cuales el demandado no comparece a contestar la demanda o no se defiende de ninguna otra forma, por lo que no presenta alegación o defensa alguna contra las alegaciones y el remedio solicitado. *Íd.*; *Álamo v. Supermercado Grande, Inc.,* 158 DPR 93, 100 (2002). Además, aplica a manera de sanción en aquellas instancias en las que alguna parte en el pleito ha incumplido con alguna orden del tribunal. *Íd.*

Los efectos de la anotación de rebeldía se resumen en que se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde". Regla 45.1 de Procedimiento Civil, *supra*; *Íd.,* a la pág. 590. Asimismo, "se autoriza al tribunal para que dicte sentencia, si esta procede como cuestión de derecho". *Íd.,* a la pág. 589.

La Regla 45.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.2, dispone que podrá dictarse sentencia en rebeldía en los casos siguientes:

> (a) Por el Secretario o Secretaria. — Cuando la reclamación de la parte demandante contra una parte demandada sea por una suma líquida o por una suma que pueda liquidarse mediante cómputo, el Secretario o Secretaria, a solicitud de la parte demandante y al presentársele declaración jurada de la cantidad adeudada, dictará sentencia por dicha cantidad y las costas contra la parte demandada cuando ésta haya sido declarada en rebeldía, siempre que no se trate de un(a) menor o una persona incapacitada.
>
> (b) Por el tribunal. — En todos los demás casos la parte con derecho a una sentencia en rebeldía la solicitará del tribunal, pero no se dictará sentencia en rebeldía contra un(a) menor o una persona incapacitada a menos que estén representados(as) por el padre, madre, tutor(a), defensor(a) judicial u otro(a) representante que haya comparecido en el pleito. Si para que el tribunal pueda dictar sentencia o para ejecutarla se hace necesario fijar el estado de una cuenta, o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar

la cuestión a un comisionado o comisionada. Cuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre.

Por otra parte, en cuanto a la facultad del tribunal para dejar sin efecto una anotación de rebeldía, la Regla 45.3 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.3, dispone lo siguiente:

"El tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2."

En *Neptune Packing Corp. v. Wakenhut Corp.*, 120 DPR 283, 293 (1988), el Tribunal Supremo señaló, en el contexto de una solicitud de relevo de una sentencia en rebeldía al amparo de la Regla 45.3 Procedimiento Civil de 1979, 32 LPRA Ap. III,[32] que nuestra visión jurisprudencial es una vanguardista "en lo que atañe al ideal de que los casos se ventilen en sus méritos". Esto es, el ideal que surge de nuestra jurisprudencia al considerarse el relevo de una sentencia en rebeldía es que los casos se ventilen en sus méritos.

Refiriéndose al texto de la Regla 45.3 de Procedimiento Civil de 1979, *supra,* en *Neptune Packing Corp. v. Wakenhut Corp.*, supra, págs. 293-294, el Tribunal Supremo también señaló lo siguiente:

Las Reglas 45.3 y 49.2 de Procedimiento Civil de 1979, supra, están estrechamente relacionadas... Expresamente sostenemos que los criterios inherentes a la Regla 49.2 de Procedimiento Civil, *supra,* tales como si el peticionario tiene una buena defensa en sus méritos, el tiempo que media entre la sentencia y la solicitud de relevo, y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia, son igualmente aplicables cuando se solicita que una sentencia dictada en rebeldía sea dejada sin efecto. (Citas omitidas.)

Por lo tanto, para conseguir el levantamiento de la anotación de rebeldía, se necesita probar la "causa justificada"

---

[32] La actual Regla 45.3 de Procedimiento Civil, *supra,* es similar a la derogada Regla 45.3 Procedimiento Civil de 1979, *supra.*

que requiere la Regla 45.3. de Procedimiento Civil, *supra*. Esto es, la parte podría presentar evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación, o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que puede ocasionarse a la otra parte con relación al proceso es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop*, supra.

No obstante, aunque la facultad de un foro de instancia para dejar sin efecto una anotación de rebeldía al amparo de la Regla 45.3 de Procedimiento Civil, *supra*, se enmarca en la existencia de justa causa a la luz de los parámetros expuestos en *Neptune Packing Corp. V. Wakenhut Corp.*, *supra*, en *Díaz v. Tribunal Superior*, 93 DPR 79 (1966), el Tribunal Supremo señaló que esta regla debe interpretarse de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía.

### III

En su recurso de *Apelación*, la parte demandada-Apelante solicita la revisión de la *Sentencia en Rebeldía* dictada el 24 de enero de 2024 y notificada el 5 de febrero de 2024, mediante la cual se declaró Ha Lugar la demanda del presente caso. Además, solicita la revisión de la *Orden* emitida y notificada el 4 de enero de 2024 por el TPI, mediante la cual se denegó su solicitud para que se dejara sin efecto la anotación de rebeldía.

En su primer y segundo error, la parte demandada-apelante señala que erró el TPI "al dictar sentencia en rebeldía sin previa advertencia de la imposición de sanciones" y "al negarse a levantar la rebeldía." Al respecto, alega que era un hecho indiscutible que, previo a la anotación de rebeldía, varios de los demandados habían comparecido, contestado la demanda original, y presentado una reconvención. Añade que, una vez se les anotó la rebeldía,

comparecieron prontamente, solicitaron que se les levantara, y contestaron la enmienda a la demanda. Argumenta que la anotación de rebeldía solo procede como último recurso luego del apercibimiento y la imposición de sanciones. Además, sostiene que se alegó justa causa en la solicitud para que se dejara sin efecto la anotación.

Según reseñamos, el 4 de enero de 2024, el TPI emitió y notificó una *Orden* denegando la solicitud de la parte demandada-apelada para que se dejara sin efecto la anotación de rebeldía. Al día siguiente, la parte demandada-apelada presentó una *Moción de Prórroga*,[33] en la cual indicó que pretendía presentar una moción de reconsideración de la *Orden* de 4 de enero de 2024, para lo cual aún estaba a tiempo. Además, solicitó un término adicional de quince (15) para presentar su oposición a la solicitud de WM Capital Partners para que se dictara sentencia en rebeldía, a lo cual accedió el TPI mediante la *Orden*[34] emitida y notificada el 8 de enero de 2024. Sin embargo, la parte demandada-apelada no solicitó la reconsideración ni recurrió en alzada de la *Orden* de 4 de enero de 2024 dentro de los términos legales establecidos para ello. Además, dejó transcurrir la prórroga de quince (15) concedida por el TPI para presentar su oposición a la solicitud de WM Capital Partners para que se dictara sentencia en rebeldía.

Transcurrido el término concedido, el 24 de enero de 2024, notificada el 5 de febrero de 2024, el TPI procedió a dictar la *Sentencia en Rebeldía* apelada, mediante la cual declaró Ha Lugar la demanda. Al día siguiente de dictarse la sentencia, la parte demandada-apelada finalmente presentó una moción en oposición a la solicitud de WM Capital Partners.

---

[33] Véase, entrada Núm. 61 del expediente digital del Caso Núm. CG2022CV03757 en el SUMAC.
[34] Véase, entrada Núm. 62 del expediente digital del Caso Núm. CG2022CV03757 en el SUMAC.

A la luz de los parámetros expuesto, entendemos que en este caso no se logró demostrar que existía justa causa para que se dejara sin efecto la anotación de rebeldía. El hecho de que la representación legal de la parte demandada-apelada se encontrara atendiendo otros compromisos profesionales no era una circunstancia que a nuestro juicio justificara la dilación. El trámite procesal de este caso denota falta de la debida diligencia. No se observaron los términos ni se solicitaron prórrogas. Más allá de ello, la parte demandada-apelada tampoco logró demostrar a juicio nuestro que tenía una buena defensa en sus méritos y que el grado de perjuicio que pudiera ocasionarse a la otra parte con relación al proceso era razonablemente mínimo.

Por todo lo cual, entendemos que el Tribunal de Primera Instancia no abusó de su discreción al denegar la solicitud de la parte demandada-apelante para que se dejara sin efecto la anotación de rebeldía. En ausencia de pasión, perjuicio, parcialidad o error manifiesto, debemos abstenernos de intervenir con esta determinación que el TPI hizo en el sano ejercicio de su discreción. *SLG Fernández-Bernal v. RAD-MAN San Juan, supra; Citibank et al. v. ACBI et al.*, 200 DPR 724, 733 (2018).

Por otra parte, en el tercer, cuarto y quinto señalamiento de error, la parte demandada-apelante señala que erró el TPI "al declarar con lugar la moción de sentencia en rebeldía y declarar con lugar la demanda"; "al negarse a declarar con lugar la moción de desestimación; y "al negarse a declarar con lugar la moción de reconsideración." En síntesis, alega que existían hechos materiales en controversia que impedían la resolución sumaria de la reclamación. Al respecto, sostiene que WM Capital Partners, en su solicitud para que se dictara sentencia en rebeldía, no hizo mención alguna ni presentó "prueba de cuales fueron los pagos que se dejaron de efectuar y de cuando advino líquida y exigible la

deuda. Así pues, levantada la rebeldía de los apelantes como procede, no puede admitirse como probada la alegación."[35]

Según reseñamos, en el presente caso, luego de que se le anotara la rebeldía a la parte demandada-apelante, WM Capital Partners presentó una solicitud para que se dictara sentencia en rebeldía. Dicha parte presentó junto a su solicitud, entre otros documentos, una declaración jurada suscrita por el Sr. Edwin Torres Figueroa, agente de WM Capital Partners, y el estado de cuenta del préstamo ("*Loan Statement*") certificando la cantidad adeudada.[36]

Como vimos, la anotación de rebeldía "tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas [...]." Regla 45.1 de Procedimiento Civil, *supra*. Podrá dictarse sentencia en rebeldía por el tribunal si esta procede como cuestión de derecho. Regla 45.2 de Procedimiento Civil, *supra*. "Si para que el tribunal pueda dictar sentencia [...] se hace necesario fijar el estado de una cuenta [...] o comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas [...]." *Íd.*

En el ejercicio de aquilatar la prueba que tiene ante sí, el Tribunal de Primera Instancia goza de amplia discreción. En el presente caso, el TPI le dio plena credibilidad a la prueba aportada por WM Capital Partners y, a base de esta, concluyó que dicha parte tenía a su favor una deuda líquida y exigible. En efecto, la declaración jurada y el estado de cuenta acreditan la cantidad adeudada por concepto de principal, intereses y recargos. Al presentarsele esta prueba, el TPI podía dictar sentencia por dicha

---

[35] Véase, *Apelación,* págs. 16-17.
[36] Véase, Apéndice de la *Apelación,* págs. 16-23.

cantidad contra la parte demandada habiendo ésta sido declarada en rebeldía.

En ausencia de pasión, perjuicio, parcialidad o error manifiesto, nuevamente determinamos que debemos abstenernos de intervenir con el juicio del TPI.

## IV

Por los fundamentos expuestos, se confirma la *Sentencia* apelada.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones