ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **ENDEAVOR CAPITAL PR LLC**<br><br>Recurridos<br><br><br>v.<br><br><br>**51 CLUB QUEBRADILLAS LLC;**<br>**FRANK WILSON KNECHT IV**<br>**Y GIOVANNI FEROCE**<br><br>Peticionarios | KLCE202400625 | **CERTIORARI**<br>procedente del Tribunal de Primera Instancia, Sala Superior de **Camuy**<br><br><br>Civil Núm.:<br>**AR2023CV01475**<br><br>Sobre:<br>Cobro de dinero, Ejecución de hipoteca y Gravamen mobiliario |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de junio de 2024.

Comparecen ante nos, mediante *Petición de Certiorari*, 51 Club Quebradillas, LLC (51 Club), Frank Wilson Knecht IV y Giovanni Feroce (en conjunto, los Demandados o Peticionarios) y nos solicitan que revoquemos la *Resolución*[1] emitida el 5 de abril de 2024 por el Tribunal de Primera Instancia, Sala Superior de Camuy (TPI). En dicha *Resolución*, el TPI declaró No Ha Lugar a la *Moción de Desestimación*[2] presentada por los Demandados.

Por las razones que discutiremos a continuación y en el ejercicio de nuestra discreción, denegamos expedir el auto de certiorari.

---

[1] Apéndice de *Petición de Certiorari*, Anejo 10, págs. 197-200. Notificada y archivada en autos el 5 de abril de 2024.
[2] *Íd.*, Anejo 2, págs. 125-129.

## I.

El caso de marras dimanó el 9 de agosto de 2023 luego de que Endeavor Capital PR, LLC (ECPR) instó una *Demanda* por cobro de dinero, ejecución de hipoteca y gravamen mobiliario contra de los Demandados.[3] El 24 de enero de 2024, sin contestar la *Demanda*, los Demandados presentaron una *Moción en Solicitud de Desestimación*, en la cual alegaron que ECPR no contaba con una licencia expedida por el Comisionado de Instituciones Financieras (OCIF) para dedicarse al negocio de préstamos hipotecarios.[4]

Así las cosas, el 2 de febrero de 2024, ECPR presentó una *Oposición a Moción en Solicitud de Desestimación*.[5] En esta, señaló que el 8 de marzo de 2017, OCIF emitió una determinación en la que alegadamente determinó que ECPR estaba exenta del requisito de licenciamiento requerido por la Ley para Regular el Negocio de Préstamos Hipotecarios de Puerto Rico, Ley Núm. 247-2010, según enmendada, 7 LPRA sec. 3051 *et seq.* (Ley Núm. 247-2010). Ese mismo día, los Demandados radicaron una *Réplica a Oposición*.[6] Arguyeron que la determinación de la OCIF era contraria a lo dispuesto en el texto de la Ley Núm. 247-2010 y que la misma no podía contravenir la ley, por una determinación administrativa ser de menor jerarquía que una ley aprobada.

El 25 de marzo de 2024, el TPI celebró una vista argumentativa y evidenciaria en la cual comparecieron las partes.[7] Al culminar la vista, el TPI informó que estaría emitiendo su determinación por escrito. Así las cosas, y luego de considerar los argumentos de las partes, el 5 de abril de 2024, el TPI emitió su *Resolución*. En esta, concluyó que:

> [E]l requisito de licenciamiento al que hace referencia la Ley 247[-2010, 7 LPRA sec. 3051 *et seq.*] aplica

---

[3] *Íd.*, Anejo 1, págs. 1-124.
[4] *Íd.*, Anejo 2, págs. 125-129.
[5] *Íd.*, Anejo 3, págs. 130-140.
[6] *Íd.*, Anejo 4, págs. 141-175.
[7] *Íd.*, Anejo 5, págs. 176-177.

solamente a transacciones hipotecarias en donde la parte deudora es un consumidor, muy probablemente, sin ánimos de lucro. En el caso ante nos, las alegaciones realizadas por Endeavor en su demanda, dándose como buenas y correctas mencionan que las facilidades de crédito brindadas son de tipo comercial, por lo que, conforme a los previamente resuelto, están exentos del requisito de licenciamiento al amparo de la Ley 247.[8]

En consecuencia, declaró No Ha Lugar a la *Moción en Solicitud de Desestimación* presentada por la parte Demandada. Además, le ordenó a los Demandados que contestaran la *Demanda* dentro de los treinta (30) días a partir de la notificación de la *Resolución.* Ante esta decisión, el 8 de abril de 2024, ECPR presentó una *Moción de Embargo Preventivo de Bienes Muebles e Inmuebles de la Parte Demandada en Aseguramiento de Sentencia* al amparo de la Regla 56.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.4.[9]

En respuesta a la denegatoria de su *Moción en Solicitud de Desestimación* y a la *Moción de Embargo,* el 15 de abril de 2024, los Demandados presentaron una *Moción en Solicitud de Reconsideración y en Oposición a Solicitud de Embargo.* En dicha comparecencia, los Demandados alegaron que el TPI erró al interpretar las leyes vigentes relacionadas con la operación de una institución hipotecaria.[10] El 23 de abril de 2024, ECPR se opuso a la *Moción de Reconsideración.*

El 3 de mayo de 2024, el TPI determinó No Ha Lugar a la *Moción de Reconsideración* y dispuso que tenían veinte (20) días a partir de la notificación de la *Resolución de 3 de mayo* "para contestar la demandada".[11] La *Resolución de 3 de mayo* fue enmendada el 6 de mayo de 2024 con el único propósito de aclarar que se le "conceden veinte (20) días a la parte **demandada** para contestar la **demanda**".[12]

---

[8] *Íd.*, Anejo 10, pág. 200.
[9] Apéndice de la *Oposición a la Expedición de Certiorari*, Anejo 3, págs. 6-109.
[10] Apéndice de *Petición de Certiorari*, *supra*, Anejo 6, págs. 178-185.
[11] *Íd.*, Anejo 8, pág. 194.
[12] *Íd.*, Anejo 9, pág. 196. (Énfasis en la original).

Inconforme, el 5 de junio de 2024, los Demandados (ahora Peticionarios) presentaron la *Petición de Certiorari* ante nuestra consideración. En esta, señalaron como único error:

> **COMETIÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA ERROR MANIFIESTO, ERROR EN LA APRECIACIÓN DEL DERECHO AL RESOLVER QUE ENDEAVOR CAPITAL NO ES UNA ENTIDAD SUJETA A LA FISCALIZACIÓN POR PARTE DE LA OCIF, A PESAR DE QUE LA RESOLUCIÓN RECURRIDA SE DESPRENDE DE QUE ENDEAVOR CAPITAL SE DEDICA AL NEGOCIO DE EMITIR DEUDA HIPOTECARIA Y CUANDO DE LA LEY 247-2010, ESPECÍFICAMENTE SU ARTÍCULO 3.1 SE DESPRENDE QUE "A TODA PERSONA QUE SE DEDIQUE AL NEGOCIO DE CONCESIÓN DE PRÉSTAMOS HIPOTECARIOS, SEGÚN DEFINIDO EN EL ARTÍCULO 1.2 DEL CAPÍTULO 1 DE ESTA LEY["].**

Por su parte, el 14 de junio de 2024, ECPR presentó su *Oposición a la Expedición de Certiorari*. Habiéndose perfeccionado el recurso, estamos en posición para resolver.

## II.

## A.

El auto de certiorari es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

La Regla 52.1 de Procedimiento Civil dispone que un recurso de certiorari sólo será expedido cuando se recurra de una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunctions) de Procedimiento Civil o una denegatoria de una

moción de carácter dispositivo. Además de lo anterior, y a modo de excepción, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre: 1) la admisibilidad de testigos de hecho o de peritos esenciales; 2) asuntos relativos a privilegios probatorios; 3) anotaciones de rebeldía; 4) casos de relaciones de familia; 5) casos que revistan interés público; o, 6) cualquier otra situación en la cual esperar la apelación constituiría un fracaso irremediable de la justicia.

Una vez adecuadamente presentado un recurso de certiorari, el Tribunal de Apelaciones deberá ejercer su discreción y evaluar la petición tomando en consideración los criterios enumerados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Deberá evaluar:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Aun así, cuando el Tribunal de Apelaciones determina, en su sana discreción, denegar la expedición de un recurso de certiorari, no tiene que fundamentar su determinación. *Íd.*, R. 52.1.

**B.**

A su raíz, el recurso de *Certiorari* presentado cuestiona la denegatoria de una *Moción de Desestimación* por parte del TPI. Por lo tanto, nos debemos regir por las disposiciones de nuestras Reglas de Procedimiento Civil, *supra,* en torno a las mociones de

desestimación y su procedencia. Nos dice el tratadista Javier A. Echevarría Vargas que:

> A los fines de resolver una moción de desestimación, el tribunal debe considerar como ciertas las alegaciones fácticas contenidas en la demanda. *Hernández v. Mesa*, 582 U.S. 548 (2017). Acorde con esa exigencia, el tribunal tiene que interpretar la demanda de una manera liberal concediendo toda duda a favor de la parte demandante. *Autoridad de Tierras v. Moreno*, 174 DPR 409 (2008). En su consecuencia, para que pueda prevalecer la moción de desestimación se tiene que demostrar que la demanda debe ser desestimada aun considerando como ciertas las alegaciones contenidas en esta. *Ramos Lozada v. Orientalist Rattan Furniture*, 130 DPR 712 (1992). **Así, las demandas no deben ser desestimadas a menos que con toda certeza se desprenda que el demandante no tiene derecho a ningún remedio bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación**. *Rivera v. Jaume*, 157 DPR 562 (2002).
>
> J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño*, 3ª ed. rev., Bogotá, Ed. Nomos S.A., 2023, págs. 142-143. (Énfasis nuestro).

La facultad del tribunal de declarar con lugar una moción de desestimar es estrictamente discrecional y debe ser ejercitada después de evaluar sosegada y minuciosamente la prueba. *Díaz v. Tribunal Superior*, 93 DPR 79, 83 (1966). Los foros apelativos deben proceder con cautela al momento de revisar la denegatoria de desestimar un caso. Desestimar una demanda cuando existe la posibilidad de que la parte demandante supere resultaría en el fracaso de la justicia. No podemos olvidar que existe una política pública a favor de que los casos se ventilen en sus méritos. *Global v. Salaam*, 164 DPR 474, 486 (2005).

### C.

La Ley Núm. 247-2010 fue aprobada con el propósito de "velar por el bienestar de los ciudadanos y brindar confianza y transparencia en la industria hipotecaria". Exposición de Motivos, Ley Núm. 247-2010, *supra.* En particular, el Artículo 2.1 de dicha Ley dispone que:

> Ninguna persona o individuo, excepto aquellas excluidas en las secciones 3.1., 4.1. y 5.1. de esta Ley, podrá dedicarse al negocio de concesión de préstamos hipotecarios, al negocio de corretaje de préstamos hipotecarios o a la originación de préstamos hipotecarios en Puerto Rico, sin antes obtener una licencia expedida bajo esta Ley por el Comisionado como se dispone más adelante.

Como se desprende, salvo aquellas exceptuadas por los artículos señalados, ninguna entidad dedicada al negocio de préstamos hipotecarios podrá operar sin tener una licencia vigente para aquel negocio. Más adelante, el Artículo 2.7(e) dispone que "[n]inguna renuncia, revocación, cancelación o suspensión de cualquier licencia disminuirá o afectará las obligaciones derivadas de cualquier contrato válido existente entre el concesionario y otras personas". *Íd.*

### III.

Luego de evaluar los criterios de la Regla 52.1 de Procedimiento Civil, *supra*, y de la Regla 40 de este Tribunal, *supra*, procede la denegación de la expedición del *Recurso de Certiorari* presentado. Estimamos que el TPI actuó correctamente al denegar la *Moción de Desestimación* puesto que, ante la interpretación más favorable para ECPR, sus alegaciones tienen posibilidad de prosperar luego del descubrimiento de la prueba. La política a favor de la ventilación de los casos en sus méritos y que permean la revisión de determinaciones del TPI nos obligan a no intervenir en este asunto.

Finalmente, como bien señala ECPR, la decisión de la OCIF no afecta el derecho que ECPR tiene para exigir el cumplimiento de las obligaciones contractuales de los Demandados. Según el Artículo 2.7(e) de la Ley Núm. 247-2010, *supra*, 7 LPRA sec. 3052(f), "ninguna renuncia, revocación, cancelación o suspensión de cualquier licencia disminuirá las obligaciones derivadas de cualquier contrato válido existente entre el concesionario y otras

personas". Por lo tanto, la determinación del TPI en cuanto al licenciamiento de ECPR no afecta la médula del caso sobre cumplimiento contractual. Le damos deferencia a dicha determinación, que no consideramos irrazonable o perjudicial a la parte Demandada en esta etapa del caso.

**IV.**

Por las razones discutidas, denegamos expedir el auto de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones